Gary CORBIN, Petitioner,

v.

SAFEWAY STORES, INC., Respondent.

No. C–1637.

Supreme Court of Texas.

April 6, 1983.

Crawford, Grissom, Crow & Richards, Carl Crow, Kenneth C. Raney, Jr., Houston, for petitioner.

Art Stone, Dallas, for respondent.

SPEARS, Justice.

Gary Corbin sued Safeway Stores, Inc. ("Safeway") for damages resulting from personal injuries he suffered when he slipped on a grape and fell in a Safeway produce aisle. The trial court granted Safeway's motion for directed verdict, and the court of appeals affirmed the trial court's judgment for Safeway. (Opinion unpublished pursuant to Rule 452 of the Texas Rules of Civil Procedure.) We reverse the judgment of the court of appeals and remand the cause for a new trial.

In October 1977 Gary Corbin slipped on a grape or grapes directly in front of the self-service grape bin in a Safeway produce aisle and fell on the store's green linoleum tile floor. While sprawled on the floor, he noticed several ruptured and discolored grapes lying around him. He saw no mat or other floor covering of any kind in the area where he fell. As a result of the fall, Corbin injured the collateral ligaments and the kneecap of his right knee. He was hospitalized and underwent surgery to repair the damaged knee.

At trial, a store manager trainee and a district manager of Safeway testified that company policy required each store to keep large non-skid, non-slip walk-off mats in front of the grape display. According to these two employees, the reason for this requirement was that Safeway recognized that customers frequently either knock grapes off their stems or drop them, creating a great risk that someone will subsequently step on a slippery grape peel and fall on the linoleum floor. Safeway required mats in front of its grape bin displays because it knew from experience that the grape bin was an unusually hazardous and continual source of slippery material on which customers may fall. The mats were

considered necessary because store employees were unable adequately to supervise the floor to ensure that it remained free of grapes.

■ The question presented is whether an invitee who sustains personal injuries from slipping and falling in a store may recover damages by introducing evidence that a proximate cause of the fall was the storeowner's failure to use reasonable care to protect its customers from the known and unusually high risks accompanying customer usage of a self-service display of goods. We hold that such proof establishes a right to have a jury determine the storeowner's liability, even in the absence of evidence showing the storeowner's actual or constructive knowledge of the presence on the floor of the specific object causing the fall.

■ The directed verdict in this case can be upheld only if the record contains no evidence of probative force to raise material fact questions. *See Collora v. Navarro,* 574 S.W.2d 65, 68 (Tex.1978). In reviewing the directed verdict, we must consider all the evidence in the light most favorable to Corbin, discarding all contrary evidence and inferences. *See id.; Henderson v. Travelers Ins. Co.,* 544 S.W.2d 649, 650 (Tex.1976). If reasonable minds may differ on the resolution of the controlling facts, jury issues exist, and the directed verdict cannot stand. *Id.*

■ In *Adam Dante Corp. v. Sharpe,* 483 S.W.2d 452, 454–55 (Tex.1972), this court accepted Section 343 of the Restatement (Second) of Torts (1965) as a summary description of the duty of reasonable care that an occupier of premises owes to invitees. Section 343 provides,

A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it,[1] and

(c) fails to exercise reasonable care to protect them against the danger.

Thus, when an occupier has actual or constructive knowledge of any condition on the premises that poses an unreasonable risk of harm to invitees, he has a duty to take whatever action is reasonably prudent under the circumstances to reduce or to eliminate the unreasonable risk from that condition. The occupier is considered to have constructive knowledge of any premises defects or other dangerous conditions that a reasonably careful inspection would reveal. *Adam Dante Corp. v. Dante,* 483 S.W.2d at 455.

■ In subsequent cases, we emphasized that an invitee's suit against a store owner is a simple negligence action. *See Rosas v. Buddies Food Store,* 518 S.W.2d 534, 536, 537 (Tex.1975); *Parker v. Highland Park, Inc.,* 565 S.W.2d 512, 521 (Tex.1978). As a result, the standard of conduct required of a premises occupier toward his invitees is the ordinary care that a reasonably prudent person would exercise under all the pertinent circumstances. Section 343 simply tailors the traditional test of the conduct of a reasonably prudent person to a specific category of defendants, namely, premises occupiers. Consequently, an occupier's liability to an invitee depends on whether he acted reasonably in light of what he knew or should have known about the risks accompanying a premises condition, not on whether a specific set of facts or a specific breach of duty is established.

1. In later decisions, we abolished both the negligence defense of assumption of the risk and the "no duty" doctrine. *See Farley v. M M Cattle Company,* 529 S.W.2d 751 (Tex.1975) and *Parker v. Highland Park, Inc.,* 565 S.W.2d 512 (Tex.1978). As a result, this part of Section 343 is no longer applicable in Texas. The invitee's knowledge and conduct are now factors the jury must weigh in determining whether the invitee was contributorily negligent, not whether the premises occupier was negligent.

In this case, Corbin was Safeway's invitee. *See, e.g., Rosas v. Buddies Food Store,* 518 S.W.2d 534, 536 (Tex.1975). To recover from Safeway, therefore, Corbin had the burden to prove (1) that Safeway had actual or constructive knowledge of some condition on the premises; (2) that the condition posed an unreasonable risk of harm to Corbin; (3) that Safeway did not exercise reasonable care to reduce or to eliminate the risk; and (4) that Safeway's failure to use such care proximately caused Corbin's personal injuries.

Corbin claimed at trial that there were three dangerous conditions in Safeway's store. First, he alleged that the presence on the floor of the specific grape on which he slipped posed an unreasonable risk of harm and that Safeway had constructive knowledge of that risk. Safeway does not deny the unreasonableness of that risk, but contends Corbin produced no proof of the requisite constructive knowledge. We agree. Corbin's testimony that the grapes lying around him were discolored and ruptured does not tend to prove that the grapes had been on the floor a sufficient time to impute knowledge of their location to Safeway. The aging and discoloration may just as likely have occurred before as after the grapes fell, and the rupturing could have been caused during or soon before Corbin's accident. Furthermore, the trial court offered to let Corbin submit this issue to the jury, but he declined to do so. He therefore waived this basis for holding Safeway liable.

Second, Corbin claimed that the floor was dangerous because it was excessively dirty and littered. He introduced evidence that this Safeway store has a history of letting its floors become filthy and that the last time Safeway had swept the floor on which he fell was more than eight hours before his fall. This evidence, however, would not support a finding that the dirty floor proximately caused Corbin's fall, since he testified that he slipped on a grape, not on dirt or other slippery matter.

Finally, Corbin alleged that Safeway's chosen self-service method for displaying green grapes in an open, slanted bin above a green linoleum tile floor resulted in an unreasonable risk of customers falling on grapes that have fallen or been knocked to the floor. Safeway admitted that at the time of Corbin's fall it knew of this unusually high risk associated with its grape display. It argues, however, that it is not obligated to protect customers from the acts of other customers in causing grapes to fall to the floor, regardless of whether those acts are foreseeable. Safeway believes the only duty it owes its customers with respect to the prevention of these kinds of falls is to pick up whatever objects it finds or should find on the floors of the store. We do not agree.

In all negligence actions, the foreseeability of the harmful consequences resulting from the particular conduct is the underlying basis for liability. Thus, Corbin's right to recover from Safeway depends on his showing Safeway's knowledge of the foreseeable harm of some course of conduct or method of operation. He is not required to prove one particular instance of negligence or knowledge of one specific hazard, as Safeway contends. *See Rosas v. Buddies Food Store,* 518 S.W.2d at 537.

Safeway acknowledged its full awareness of every circumstance under which it operated the self-service grape display, but contended a walk-off mat was in place at the time Corbin fell. Because the placing of such a mat in front of the grape display was a function of general store maintenance, the jury reasonably could have inferred that Safeway, through its employees, had failed to put the mat in place. This inference would satisfy the requirement of notice to Safeway. *Cf. Coffee v. F.W. Woolworth Co.,* 536 S.W.2d 539, 540 (Tex.1976) (jury could have inferred actual notice because probable reason display platform was empty, and therefore dangerous, was that store employee was changing it). A jury question existed, therefore, on whether Safeway knew or should have known of the premises condition upon which Corbin's claim is based.

The only remaining liability issues are whether the condition in which Safeway maintained its grape bin at the time Corbin was injured posed an unreasonable risk of harm; if so, whether Safeway used the ordinary care of a reasonably prudent person to reduce or to eliminate that risk; and, if Safeway was negligent, whether its negligence proximately caused Corbin's injury. *See, e.g., Adam Dante Corp. v. Sharpe,* 483 S.W.2d 452, 458 n. 2 (Tex.1972).

■ The testimony of the two Safeway employees provides some probative evidence that the self-service grape bin in conjunction with the absence of any covering on the store's green linoleum tile floor posed an unusually high risk of customer falls resulting from grapes dropped on the floor. We believe that reasonable jurors could have concluded that this risk was unreasonable; accordingly, this question was a matter for the jury to determine.

■ On the question of the reasonableness of Safeway's conduct, there is evidence that Safeway's response to the risks accompanying the grape display was to require its stores to place walk-off mats in front of such displays. There was also evidence that no mat was in front of the grape display at the time Corbin fell. Furthermore, Safeway acknowledges that it took no other action, such as bagging the grapes, warning customers, or conducting frequent inspections, to minimize this hazard. Under these circumstances, because reasonable minds could conclude that Safeway did not use reasonable care to take some preventive measure against a foreseeable harm, the question of its negligence was for the jury to decide.

■ Finally, Safeway concedes that Corbin fell within a few feet of the grape display. This fact would support a jury finding that the absence of a mat or other preventive measure was a foreseeable cause-in-fact of Corbin's fall. Corbin therefore had a right to have a proximate cause issue decided by the jury.

Safeway nevertheless contends that it was entitled to a directed verdict based on our opinion in *Coffee v. F.W. Woolworth Co.,* 536 S.W.2d 529 (Tex.1976). We stated in *Coffee,*

> Courts have been reluctant to impose liability on a storekeeper without a showing that a foreign substance was on the floor for some length of time because it is unjust to hold the proprietor liable for the carelessness of some person over whom he has no control, *unless he had a reasonable opportunity to discover the dangerous condition.*

536 S.W.2d at 541. (emphasis added). We also observed that "slip and fall" cases usually arise when a customer slips on a food item dropped on the proprietor's floor. In the typical case, the only dangerous condition that is alleged is the specific food item on the floor; that is, there is usually no basis for a claim that the storeowner maintained an unreasonably dangerous method of display that frequently *caused* such food items to become floor hazards.

Our decision in this case does not alter our statements of Texas law or the holding in *Coffee. See Parker v. Highland Park, Inc.,* 565 S.W.2d 512, 521 (Tex.1978). In *Coffee,* the question presented was whether there was some evidence that the storeowner had actual or constructive knowledge of the dangerous condition of an empty display platform, and we found that the invitee had produced such evidence. We held that because store employees were responsible for stocking and changing the platforms, the jury could infer that the store had created the dangerous condition and, consequently, had actual notice of it. That holding is not only completely consistent with our decision in this case, but supports our conclusion that a directed verdict against Corbin was erroneous.

■ Safeway also argues that if the directed verdict is not upheld, this court will be penalizing Safeway for its diligence in instituting the limited use of walk-off mats as a company-wide safety measure. This argument reflects a misunderstanding of the basis for negligence liability. Safeway's liability to Corbin depends on its knowledge of store conditions posing risks

to customers and the failure to act reasonably in response to those risks, not on the failure to comply with a company policy. If reasonable store conduct includes the use of mats or other floor coverings or even warnings in front of a particular display, then Safeway may be held liable for not using them, regardless of whether company policy requires them.

Many states now recognize that a storekeeper may be held liable for any dangerous premises condition about which he should be aware, not just for specific objects left on the floor by customers.[2] Our holding here is consistent with the basic rule accepted by these states. Accordingly, we reverse the judgment of the court of appeals and remand this cause to the trial court for a new trial.

**2.** *See, e.g., Rhodes v. El Rancho Markets,* 4 Ariz.App. 183, 418 P.2d 613, 615 (1966); *Jasko v. F.W. Woolworth Co.,* 177 Colo. 418, 494 P.2d 839, 840–41 (1972); *Piggly Wiggly Southern, Inc. v. Erfourth,* 152 Ga.App. 468, 263 S.E.2d 249, 250 (1979); *Dunlap v. Marshall Field & Co.,* 27 Ill.App.3d 628, 327 N.E.2d 16, 19 (1975); *Elrod v. Walls,* 205 Kan. 808, 473 P.2d 12, 15–16 (1970); *Gonzales v. Winn-Dixie Louisiana, Inc.,* 326 So.2d 486, 488 (La.1976); *F.W. Woolworth Co. v. Stokes,* 191 So.2d 411, 416 (Miss.1966); *Garcia v. Barber's Super Markets, Inc.,* 81 N.M. 92, 463 P.2d 516, 518–19 (1969); *Wollerman v. Grand Union Stores, Inc.,* 47 N.J. 426, 221 A.2d 513, 514 (1966); *Morgan v. Great Atlantic & Pacific Tea Co.,* 266 N.C. 221, 145 S.E.2d 877, 883 (1966); *Forcier v. Grand Union Stores, Inc.,* 128 Vt. 389, 264 A.2d 796, 799 (1970); *Glover v. Montgomery Ward and Company,* 536 P.2d 401, 408 (Okl.Ct.App.1974); *Jefferis v. Arden-Mayfair, Inc.,* 39 Or.App. 377, 592 P.2d 271, 273 (1979); *Moultrey v. Great Atlantic & Pacific Tea Co.,* 281 Pa.Super. 525, 422 A.2d 593, 596, 597 n. 6 (1980); *Ciminski v. Finn Corporations, Inc.,* 13 Wash.App. 815, 537 P.2d 850, 853 (1975); *Strack v. Great Atlantic & Pacific Tea Co.,* 35 Wis.2d 51, 150 N.W.2d 361, 363 (1967); *Buttrey Food Stores Division v. Coulson,* 620 P.2d 549, 552–53 (Wyo.1980).