OPINION
BULLOCK, Justice.
This is an appeal from an order of the trial court overruling the appellant’s plea of privilege in a “slip-and-fall” personal injury case.
We affirm.
Appellee brought suit in Brazos County, Texas, to recover for personal injuries allegedly sustained when he slipped and fell on a green bean on the floor of the appellant’s grocery store. Appellant filed its plea of privilege setting forth Dallas County as its residence, and the appellee timely and properly presented a controverting plea asserting subdivision 9a and 23 of Article 1995, Tex.Rev.Civ.Stat.Ann., which was in force prior to September 1, 1983. The trial court, after a hearing without a jury, overruled appellant’s plea of privilege and sustained venue in Brazos County.
Appellant, in a single point of error, contends that the trial court erred in overruling his plea of privilege because appellee failed to plead and prove the proper venue facts within one or more of the statutory exceptions to the general venue statute.
The trial court did not have to file findings of fact or conclusions of law, and, in the absence of such findings and conclusions, we must uphold the trial court’s judgment if sufficient evidence supports any theory raised by the pleadings that upholds that judgment. Bishop v. Bishop, 359 S.W.2d 869, 871 (Tex.1962), Loomis v. Sharp, 519 S.W.2d 955, 957 (Tex.Civ.App.—Texarkana 1975, writ dism’d). Furthermore, under the point of error that the appellant asserts, we must view the record in the light most favorable to the judgment, disregarding all evidence to the contrary. HEB Foods, Inc. v. Moore, 599 S.W.2d 126, 128 (Tex.Civ.App.—Corpus Christi 1980, no writ).
Subdivision 9a of article 1995, prior to its 1983 amendment, stated specific venue facts and required a plaintiff to plead and prove those facts in order to maintain his suit in a county other than that of the defendant’s residence. Cowden v. Cow *373 den, 143 Tex. 446, 186 S.W.2d 69, 71 (1945), Victoria Bank and Trust Co. v. Monteith, 138 Tex. 216, 158 S.W.2d 63, 66 (1941).
To sustain venue under subdivision 9a, the plaintiff had to prove: (1) that a negligent act or omission occurred in the stated county; (2) that the defendant or its servant, agent, or representative, acting within the scope of employment, committed that act or omission; and (3) that such negligence proximately caused the injury. See Brazos Valley Harvestore Systems, Inc. v. Beavers, 535 S.W.2d 797, 800 (Tex.Civ.App.—Tyler 1976, writ dism’d), and the cases cited therein.
The testimony presented at the venue hearing shows that Safeway employees loaded beans into Safeway’s produce display bins by hand; that beans occasionally fell to the floor during the loading process; and that customers occasionally knocked beans onto the floor while using the self-service produce display. There was also testimony that the floor of the Safeway store consisted entirely of linoleum tile, and that the store did not have any non-skid devices on the floor. The manager of the Safeway store admitted knowledge of these facts and recognized that beans lying on the floor could cause a customer to slip and fall.
It is undisputed that the appellee was an invitee on Safeway’s premises, and, therefore, Safeway had the duty to take whatever action was reasonably prudent under the circumstances to reduce or eliminate any premises defect or other dangerous condition of which it had actual or constructive knowledge. Corbin v. Safeway Stores, Inc., 648 S.W.2d 292, 295 (Tex.1983).
Safeway contends that the facts of the case do not bring it in within the Supreme Court’s ruling in Corbin, arguing that there was no evidence that its maintenance of the self-service produce display bin constituted an unreasonable risk of harm to its customers. In this respect it points to the testimony of its store manager, who had managed that store for 16 years, that during such period of time, no customer had ever slipped and fallen because of produce lying on the floor. Safeway’s argument, however, relates only to the question of whether the risk in question had ever materialized prior to the incident resulting in appellee’s injury, not whether Safeway had actual or constructive knowledge of the unreasonable risk of harm posed by that condition.
Based on the evidence in the record, the trier of fact could reasonably have decided that the condition in which Safeway maintained its self-service produce display bin on the date in issue posed an unreasonable risk of harm; that Safeway either knew or by the exercise of reasonable diligence should have discovered the existence of such condition; that Safeway did not exercise reasonable care to eliminate the risk; and that its failure to use such care proximately caused the appellee’s injuries. Thus, the evidence supports the trial court’s implied finding on the controlling issue of Safeway’s negligent act or omission in the county of suit, and that such negligence proximately caused the injury forming the basis for the suit. Corbin, page 296.
The judgment of the trial court is affirmed.