Lera HERNANDEZ, Appellant,

v.

The KROGER COMPANY, Appellee.

No. B14–85–659–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 6, 1986.

Rehearing Denied March 13, 1986.

Judgment Reversed May 21, 1986.

John M. Odam, Timothy H. Pletcher, Houston, for appellant.

James R. Boston, Beverly L. Graham, L. Keith Slade, Houston, for appellee.

Before PAUL PRESSLER, SEARS and CANNON, JJ.

## OPINION

CANNON, Justice.

This is a slip and fall case. After a trial to a jury, the trial court rendered a verdict in favor of the appellee, The Kroger Company (Kroger). The appellant, Lera Hernandez, challenges the trial court's judgment in three points. In two points she alleges the trial court erred in refusing five requested special issues. In the third she alleges that the issues actually submitted improperly restricted the theories upon which the jury properly could find negligence. We disagree and therefore affirm.

On the way to church on a dry Sunday morning, September 27, 1981, the Hernandez family stopped at a Kroger store to purchase some pies. To enter this particular store, a person is required to pass through one set of automatic doors, cross a foyer or vestibule area, and pass through a second set of automatic doors. After Mrs. Hernandez had passed through the first set of automatic doors, she unwittingly stepped from the door sensor mat into a muddy, watery liquid. She slipped and fell, injuring her right knee.

Although it is Kroger's policy to place moisture-absorbing rugs in the foyer area between the sensor pads of the two sets of doors, on this day no mats were on the floor. Further, no signs warned customers that a liquid was on the floor.

Mrs. Hernandez's first two points of error charge that the trial court erred in refusing to submit the following requested special issues:

### SPECIAL ISSUE NO. 1

Did The Kroger Co. know, or in using ordinary care should it have known, that moisture would be tracked into the foyer of its stores causing an unreasonable risk of harm to its customers?

Answer "Yes" or "No."

ANSWER: _____

If you have answered Special Issue No. 1 "YES," then answer Special Issue No. 2

below; otherwise do not answer Special Issue No. 2.

## SPECIAL ISSUE NO. 2

On the occasion in question did The Kroger Co. fail to use ordinary care to reduce or eliminate such risk by the use of absorbing floor rugs in its foyer?

Answer "YES" or "NO."

ANSWER: _____

If you have answered Special Issue No. 2 "YES," then answer Special Issue No. 3 below; otherwise do not answer Special Issue No. 3.

## SPECIAL ISSUE NO. 3

Was such failure a proximate cause of injury to Lera Hernandez?

Answer "YES" or "NO."

ANSWER: _____

If you have answered Special Issue No. 1 "YES," then answer Special Issue No. 4 below; otherwise do not answer Special Issue No. 4.

## SPECIAL ISSUE NO. 4

On the occasion in question did The Kroger Co. fail to give such warning of such risk as would have been given by a person using ordinary care?

Answer "YES" or "NO."

ANSWER: _____

If you have answered Special Issue No. 4 "YES," then answer Special Issue No. 5 below; otherwise do not answer Special Issue No. 5.

## SPECIAL ISSUE No. 5

Was such failure a proximate cause of injury to Lera Hernandez?

Answer "YES" or "NO."

ANSWER: _____

A party is entitled to the submission of controlling issues essential to its theory of the case which are raised by the pleadings and supported by the evidence. Tex.R. Civ.P. 279, 277 (Vernon Supp.1986); *Solgaard v. Texas & New Orleans Railway Company*, 229 S.W.2d 777, 779 (Tex.1950);

*Union Carbide Corporation v. Burton*, 618 S.W.2d 410, 415 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.). The Texas Supreme Court in *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex. 1983) summarized the controlling issues in Corbin's slip and fall negligence case against Safeway as follows:

(1) that Safeway had actual or constructive knowledge of some condition on the premises;

(2) that the condition posed an unreasonable risk of harm to Corbin;

(3) that Safeway did not exercise reasonable care to reduce or to eliminate the risk; and

(4) that Safeway's failure to use such care proximately caused Corbin's personal injuries.

■ Mrs. Hernandez's first requested issue pertains to the first element, that of constructive or actual knowledge of a condition on the premises. To be answered affirmatively, Mrs. Hernandez's first requested special issue would require findings that moisture was present *outside* the foyer, that Kroger knew or should have known of the moisture's presence, and that Kroger knew or should have known that some of this moisture would be tracked into the foyer. Viewing all evidence and reasonable inferences drawn therefrom in favor of Mrs. Hernandez, *Casey v. Barkley*, 527 S.W.2d 256, 260 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n.r.e.), we find the record devoid of any evidence indicating the presence of moisture outside the foyer which could be tracked into the foyer.

Mrs. Hernandez, citing *Corbin, supra,* argues that Kroger's policy requiring each store to maintain moisture-absorbing rugs between the sensor pads in the store's foyer is "overwhelming evidence of not only constructive but actual knowledge that moisture would be tracked into the foyer." This argument, however, assumes the very fact that Mrs. Hernandez must prove: that moisture which could be tracked into the foyer was present.

In *Corbin*, Safeway admitted the presence of green grapes and the likelihood that grapes would fall to the floor and create a hazard. *Corbin, supra*, at 296. Kroger made no such admission here. The only statement in the record of Kroger's policy for using foyer rugs is contained in the following recitation by Mrs. Hernandez's counsel:

> [T]he question I asked of Kroger was: "Please describe any policy or procedure of this Defendant for avoiding slips and falls of the type made the basis of this suit." And the answer is: "Floor rugs are placed in the foyer to absorb any moisture or debris that may be tracked into the store."

Kroger's answer does not acknowledge a source of the moisture. Therefore, it is not evidence of the presence of moisture *outside* the foyer. There being no other evidence of this fact, the trial court properly refused Mrs. Hernandez's requested special issue number one.

Since Mrs. Hernandez's special issues numbers two through five are directly or indirectly conditioned upon an affirmative answer to special issue number 1, and since Mrs. Hernandez was not entitled to submission of special issue number one, she was not entitled to submission of special issues numbers two through five. We overrule her first two points of error.

Mrs. Hernandez's third point of error argues that the issues actually submitted to the jury unfairly restrict her right to recover. The court submitted Mrs. Hernandez's case on the following issues:

### SPECIAL ISSUE NO. 1

Do you find from a preponderance of the evidence that there was a slippery substance on the floor of the Kroger Store at the time and place where Lera Hernandez fell?
Answer "We do," or "We do not."
ANSWER: _____

### SPECIAL ISSUE NO. 2

Do you find from a preponderance of the evidence that the Kroger Store, through its employees, placed a slippery substance on the floor of the store at the place where Lera Hernandez fell?
Answer "We do," or "We do not."
ANSWER: _____

If you have answered Special Issue No. 1 or 2 "We do," and only in that event, then answer:

### SPECIAL ISSUE NO. 3

Do you find from a preponderance of the evidence that on the occasion in question the Kroger Store, acting by and through its employees, was negligent with respect to any of the following: Answer "Yes", or "No" on each line in Column 1. If any of your answers in Column 1 are "Yes," was any such negligence a proximate cause of the occurrence in question. Answer "Yes" or "No" in the corresponding line in Column 2.

|  | Column 1<br>Negligence | Column 2<br>Proximate Cause |
|---|---|---|
| A. In placing a slippery substance on the floor, if they did. | _____ | _____ |
| B. In failing to discover and remove the slippery substance from the floor, if they did. | _____ | _____ |

The jury answered "We do (unanimous)" to special issue no. 1, "We do not (unanimous)" to special issue no. 2, and "No" in both A and B under column 1 of special issue no. 3. Under these special issues Mrs. Hernandez could recover only upon showing that Kroger actually placed the liquid on the floor of the foyer or that Kroger was negligent in failing to discover the very liquid in which Mrs. Hernandez slipped. She argues that under *Corbin*, she was entitled to recover if she showed that Kroger operated the premises in such a fashion as to create an unreasonable risk of harm to its invitees. She concludes that the trial court "clung to the antiquated notion that only through knowledge of a specific hazard may an owner incur liability to an invitee." Mrs. Hernandez fails to

recognize that *Corbin* creates an *alternate* method for assessing negligence, not an *exclusive* one. We find that the trial court's special issues did not improperly restrict the theories upon which Mrs. Hernandez was entitled to recover. We overrule her third point of error.

Affirmed.