TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-98-00139-CV






Beverly R. Jackson, Appellant




v.




Fiesta Mart, Inc., Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT


NO. 95-02481, HONORABLE JOSEPH H. HART, JUDGE PRESIDING







 Appellant Beverly R. Jackson sued appellee Fiesta Mart, Inc. to recover damages
for injuries received as a result of a slip and fall on Fiesta's premises. Fiesta filed a no-evidence
motion for summary judgment under Tex. R. Civ. P. 166a(i) claiming that after adequate time for
discovery, Jackson produced no evidence in support of an essential element of her dangerous-premises claim. The trial court granted Fiesta's motion on the basis that there was no evidence
that Fiesta knew or should have known the liquid was on the floor. On appeal, Jackson asserts
in a single point of error that the trial court erred in granting Fiesta's summary judgment motion. 
We will affirm.


FACTUAL AND PROCEDURAL BACKGROUND


 Jackson was working as an employee of Fiesta in Austin when she slipped and fell
on a spot of liquid on the floor at the end of a checkout stand. Nearly two years later, Jackson
filed suit against Fiesta as a result of the fall, alleging that she fell because of an unreasonably
dangerous condition. Fiesta is a non-subscriber under the Workers Compensation Act.

 The parties exchanged discovery requests and responses from March 1995 through
January 1997. During this period, Fiesta deposed Jackson. No other witnesses were deposed by
either party. In October 1997, Fiesta moved for summary judgment under new Tex. R. Civ. P.
166a(i) on the grounds that there had been adequate time for discovery and that there was no
evidence that Fiesta knew or should have known that the liquid on which Jackson slipped was on
the floor before she fell. (1) Although not required by the rule, Fiesta attached to its motion excerpts
from Jackson's deposition in support of its position. Jackson did not file a response to Fiesta's
motion; therefore, the only summary judgment evidence before the court was Jackson's deposition
testimony offered by Fiesta.

 The trial court granted summary judgment pursuant to Tex. R. Civ. P. 166a(i) on
the grounds mentioned above and rendered a take-nothing judgment against Jackson.


DISCUSSION


 Jackson contends the trial court erred in granting Fiesta's no-evidence motion for
summary judgment simply because Jackson could not attribute knowledge of the spill to Fiesta. 
As support for her contention, Jackson argues that (1) it is improper for the trial court to grant
summary judgment by default for lack of an answer when movant's proof is legally insufficient; 
(2) Fiesta, as movant, had the burden of proof to show that there was no genuine issue of material
fact; and (3) her deposition testimony that she slipped on liquid on the floor during the course of
employment and was injured as a result of the fall raised a fact issue. We disagree.

 Rule 166a(i) of the Texas Rules of Civil Procedure provides as follows:


(i) No-Evidence Motion. After adequate time for discovery, a party without
presenting summary judgment evidence may move for summary judgment on the
ground that there is no evidence of one or more essential elements of a claim or
defense on which an adverse party would have the burden of proof at trial. The
motion must state the elements as to which there is no evidence. The court must
grant the motion unless the respondent produces summary judgment evidence
raising a genuine issue of material fact.


Tex. R. Civ. P. 166a(i).

 Two recent opinions issued by the San Antonio Court of Appeals state the
applicable standard of review for no-evidence summary judgments: "'A no-evidence summary
judgment is essentially a pretrial directed verdict,' and we apply the same legal sufficiency
standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed
verdict." Taylor-Made Hose, Inc. v. Wilkerson, No. 04-97-01025-CV, slip op. at 4 (Tex.
App.--San Antonio August 31, 1998, no pet. h.) (quoting Moore v. K Mart Corp., No. 04-97-01039, slip op. at 4 (Tex. App.--San Antonio June 24, 1998, pet. filed)); see also Hon. David
Hittner & Lynne Liberato, Summary Judgments in Texas, 34 Hous. L. Rev. 1303, 1356 (1998)
(no-evidence summary judgment is essentially pretrial directed verdict). Like a directed verdict,
then, the task of the appellate court is to determine whether the plaintiff has produced any evidence
of probative force to raise fact issues on the material questions presented. The appellate court
must consider all of the evidence in the light most favorable to the party against whom the no-evidence summary judgment was rendered; every reasonable inference must be indulged in favor
of the nonmovant, and any doubts resolved in its favor. See Qantel Business Sys., Inc. v. Custom
Controls Co., 761 S.W.2d 302, 303-04 (Tex. 1988); Collora v. Navarro, 574 S.W.2d 65, 68
(Tex. 1978); Najera v. Great Atl. & Pac. Tea Co., 207 S.W.2d 365, 367 (Tex. 1948); Cartwright
v. Canode, 171 S.W. 696, 697-98 (Tex. 1914) (quoting Baltimore & Ohio R.R. v. Griffith, 159
U.S. 603, 611 (1895)).

 A no-evidence summary judgment is properly granted if the nonmovant fails to
bring forth more than a scintilla of probative evidence to raise a genuine issue of material fact as
to an essential element of the nonmovant's claim on which the nonmovant would have the burden
of proof at trial. See Tex. R. Civ. P. 166a(i); Merrell Dow Pharmaceuticals, Inc. v. Havner, 953
S.W.2d 706, 711 (Tex. 1997), cert. denied, 118 S. Ct. 1799 (1998). If the evidence supporting
a finding rises to a level that would enable reasonable, fair-minded persons to differ in their
conclusions, then more than a scintilla of evidence exists. Havner, 953 S.W.2d at 711. Less than
a scintilla of evidence exists when the evidence is "so weak as to do no more than create a mere
surmise or suspicion" of a fact, and the legal effect is that there is no evidence. Kindred v.
Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983); Taylor-Made, slip op. at 4.

 To prevail on her premises-liability claim, Jackson must prove that Fiesta failed to
maintain a safe work place. The elements of a premises-liability cause of action are well
established: (1) actual or constructive knowledge by the owner of some condition on the premises;
(2) that the condition posed an unreasonable risk of harm; (3) that the owner did not exercise
reasonable care to reduce or eliminate the risk; and (4) that the owner's failure to use such care
proximately caused the plaintiff's injuries. Motel 6 G.P., Inc. v. Lopez, 929 S.W.2d 1, 3 (Tex.
1996); Keetch v. Kroger Co., 845 S.W.2d 262, 264 (Tex. 1992) (citing Corbin v. Safeway Stores,
Inc., 648 S.W.2d 292 (Tex. 1983)). The employer's standard of care for employees is therefore
the same as the standard of care for invitees generally. Accordingly, before Fiesta can be held to
have breached its duty to maintain a safe work place, Jackson must show as a threshold issue that
Fiesta knew, or after reasonable inspection should have known, of an unreasonably dangerous
condition.

 Fiesta asserted in its motion for summary judgment that after an adequate time for
discovery, (2) Jackson had produced no evidence that Fiesta had actual or constructive knowledge
of the spill on the floor--an essential element of Jackson's claim. On appeal, Jackson argues that
the trial court may not grant a summary judgment by default for lack of an answer or response
when the movant's summary judgment proof is legally insufficient. See City of Houston v. Clear
Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979). Jackson's argument is technically correct
when applied to a motion for summary judgment filed under Rule 166a(c). Fiesta's motion,
however, was clearly a no-evidence motion under new Rule 166a(i), which shifts the burden of
raising a genuine issue of material fact to the nonmovant. See Tex. R. Civ. P. 166a(i); see also
Hon. David Hittner & Lynne Liberato, Summary Judgments in Texas, 34 Hous. L. Rev. 1303,
1356 (1998) (mere filing of motion shifts burden to respondent to come forward with enough
evidence to take case to jury). Further, the trial court's order granting summary judgment was
based on the absence of evidence of actual or constructive knowledge, not on Jackson's failure to
file a response. For these reasons, Jackson's first argument is without merit.

 Jackson's second argument is that Fiesta, as movant, had the burden of proof to
show that there was no genuine issue of material fact. This, however, is merely a variation of her
first argument, which has already been rejected by this Court since it applies to a Rule 166a(c) and
not a Rule 166a(i) motion.

 Finally, Jackson contends that her deposition testimony--that she slipped and fell
while on duty because of liquid on the floor and was injured as a result of the fall--was sufficient
evidence to raise a genuine issue of fact. We do not find any evidence in the record supporting
Jackson's contention. To the contrary, Jackson testified that the liquid was at the end of the
checkout stand possibly obscured by the baggage stand, that there was no bagger on duty, that
Jackson herself could not see the spill, and that the spill probably would not have been noticeable
by a person walking by the counter because the spill was close to the counter's base. Nor is there
evidence showing that Fiesta was responsible for creating the condition or that any employee of
Fiesta saw the spill or was aware of its existence. Jackson's testimony, without more, is
insufficient to create a reasonable inference that the spill had been on the floor long enough to
charge Fiesta with actual or constructive knowledge of its existence.

 Jackson's point of error is overruled.

CONCLUSION

 Because Jackson failed to produce summary judgment evidence raising a genuine
issue of material fact as required by Rule 166a(i), we affirm the trial court's summary judgment.



 

 J. Woodfin Jones, Justice

Before Chief Justice Yeakel, Justices Jones and B. A. Smith

Affirmed

Filed: October 29, 1998

Publish

1. Rule 166a(i) took effect September 1, 1997 and applies to any motions filed after that date.
2. [2] Jackson did not object that there was inadequate time for discovery, nor did she file a
motion for continuance requesting additional time for discovery. While adequate time for
discovery is required under Rule 166a(i), the issue of defining "adequate" is not before us.


) (citing Corbin v. Safeway Stores,
Inc., 648 S.W.2d 292 (Tex. 1983)). The employer's standard of care for employees is therefore
the same as the standard of care for invitees generally. Accordingly, before Fiesta can be held to
have breached its duty to maintain a safe work place, Jackson must show as a threshold issue that
Fiesta knew, or after reasonable inspection should have known, of an unreasonably dangerous
condition.

 Fiesta asserted in its motion for summary judgment that after an adequate time for
discovery, (2) Jackson had produced no evidence that Fiesta had actual or constructive knowledge
of the spill on the floor--an essential element of Jackson's claim. On appeal, Jackson argues that
the trial court may not grant a summary judgment by default for lack of an answer or response
when the movant's summary judgment proof is legally insufficient. See City of Houston v. Clear
Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979). Jackson's argument is technically correct
when applied to a motion for summary judgment filed under Rule 166a(c). Fiesta's motion,
however, was clearly a no-evidence motion under new Rule 166a(i), which shifts the burden of
raising a genuine issue of material fact to the nonmovant. See Tex. R. Civ. P. 166a(i); see also
Hon. David Hittner & Lynne Liberato, Summary Judgments in Texas, 34 Hous. L. Rev. 1303,
1356 (1998) (mere filing of motion shifts bu