In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-02-00019-CV

____________


RICE FOOD MARKET, INC., Appellant


V.


RHONDA HICKS, Appellee






On Appeal from the 234th District Court

Harris County, Texas

Trial Court Cause No. 99-57526






DISSENTING OPINION ON DENIAL OF EN BANC REVIEW

 I respectfully dissent from the Court's denial of en banc review. 

 The majority, citing Keetch v. Kroger Co., 845 S.W.2d 262, 265 (Tex. 1992),
states that an inference that a premises owner had actual or constructive notice of an
unreasonable risk of harm to invitees "as a matter of law is improper unless
knowledge is uncontroverted"; and it holds that Rice's knowledge is not established
as a matter of law because it denied knowing that the sign which fell was hazardous. 
The majority does not mention the rule for inferring knowledge when knowledge is
controverted, namely, that knowledge may be inferred, in an appropriate case, when
(1) the owner has actual knowledge of the unusually high risk associated with a
display (e.g., a slanted grape display), even though it does not know about the
particular hazardous event (a particular grape on the floor); (2) the condition has
existed for a period of time; (3) "store employees were working on the display stand
which caused the injury"; or (4) "the premises owner or occupier created a condition
which poses an unreasonable risk of harm." Id. at 265-66.

 The majority states first that there is no evidence the sign had fallen down
before. This type of argument, that the past is predictive of the future, is valid only
when the dangerous condition actually has caused harm in the past and been ignored;
it does not follow from the fact that an event did not happen in the past that it will not
happen in the future. The majority concludes, "there is no evidence in the record that
the sign was a dangerous condition from the moment it was installed." This is simply
false. The evidence shows that the condition was created by Rice employees' having
attached a large, heavy overhead sign by means of velcro straps, ignoring the screw
holes by which the sign was designed to be attached.


 Finally, the majority states that there was no evidence of how long the sign had
been in place. That argument applies only when the length of time the condition was
present makes it more likely that the injury which did occur will occur, such as the
increasing risk over time that steps will become unstable, as in CMH Homes, Inc., v.
Daenen, 15 S.W.3d 97, 102 (Tex. 2000), which the majority cites, or when the owner
lacks a reasonable opportunity to discover the dangerous condition. See Corbin v.
Safeway Stores, Inc., 648 S.W.2d 292, 297 (Tex. 1983). The danger of an improperly
attached sign's falling does not increase over time; or, if it does, that fact does not
alter the fact that a large, heavy overhead sign attached with velcro straps instead of
screws is dangerous from the moment it is improperly installed.

 Rice admitted that simply looking inside the kiosk would have revealed that
the sign was improperly attached. The occupier of premises is considered to have
constructive knowledge of any dangerous condition that a reasonably careful
inspection would reveal. Id., 648 S.W.2d at 295.

 Under Keetch and Corbin, the majority should have held that the jury could
reasonably have inferred Rice's knowledge of the unreasonably harmful condition
posed by the sign from the proof that Rice employees created it and even a minimal
inspection would have revealed it. Because I believe that the majority's opinion is
contrary to established law and that its disposition in this case will affect the outcome
of many cases tried in the fourteen county jurisdiction of this Court, I respectfully
dissent from the denial of en banc review.



 Evelyn V. Keyes

 Justice


Panel consists of Justices Hedges, Jennings, and Alcala.

Justice Alcala, dissenting.

Appellee requested en banc review. 

Justices Hedges, Taft, Jennings, Nuchia, and Higley voted to deny en banc review.

Chief Justice Radack and Justices Keyes, Hanks, and Alcala voted to grant en
banc review.