Opinion issued February 28, 2008










                                                             
                                                                                                                                             




In The 
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-06-01109-CV
  __________
 
DEBRA LOFTON, Appellant
 
V.
 
MARMAXX OPERATING CORP., INDIVIDUALLY
AND D/B/A T.J. MAXX, Appellee
 

 
 
On Appeal from the 113th District Court
Harris County, Texas
Trial Court Cause No. 2006-17380




MEMORANDUM OPINION
          In this trip and fall case, Debra Lofton appeals the trial court’s grant of
Marmaxx Operating Corp. d/b/a T.J. Maxx’s (“T.J. Maxx”) summary judgment. In her
sole issue on appeal, Lofton argues that the trial court erred in granting T.J. Maxx’s
motion for summary judgment as there is sufficient evidence of a genuine issue of
material fact on each element of her cause of action. We affirm.Background
          On May 4, 2004, Lofton shopped in the T.J. Maxx department store, purchased
her items, and was walking out of the store when she tripped on the floor mat in front
of the exit. Lofton broke her elbow.
          Lofton brought a premises liability suit against T.J. Maxx, asserting that T.J.
Maxx was negligent for (1) creating the dangerous condition, (2) maintaining the
dangerous condition, (3) failing to correct and make safe the dangerous condition, and
(4) failing to warn its customers of the dangerous condition, all of which resulted in
her injuries. T.J. Maxx filed a no-evidence motion for summary judgment asserting
that Lofton had no evidence that (1) T.J. Maxx had any actual knowledge of any
defect, (2) T.J. Maxx had any constructive knowledge of any defect, (3) there was a
defect, (4) any alleged defect posed an unreasonable risk of harm, (5) T.J. Maxx failed
to exercise reasonable care to reduce or eliminate any alleged risk, and (6) T.J. Maxx’s
alleged failure was the proximate cause of Lofton’s injuries. Lofton responded to the
motion and attached her affidavit, the accident report, a recorded claims statement, T.J.
Maxx’s responses to requests for production, and excerpts from the deposition of Leila
Marie Baines, T.J. Maxx’s assistant manager. Baines testified that the mats are kept
clean and are placed in the area “to make sure they are in the area just in case it
rained.” The mats are mostly for people when they are entering the store. Baines also
testified that she did not believe Lofton tripped on the mat. Lofton contended that T.J.
Maxx created a fact question as to the location of the incident. She further contended
that “notice is not an element of [her] claim because [her] claim is based on the actions
of [T.J. Maxx] and its employees by creating the hazard.” The placement of the mat
created a hazardous or unreasonably dangerous condition. Lofton’s response
concluded by arguing that the following arguments prevent the granting of T.J.
Maxx’s summary judgment:
(1) the subject mat was placed in an area of the store where invitees
would not expect it to be; 
 
(2) because the weather was sunny on the date of the incident, the mat
should have been removed since there was no need for the stated purpose
of the mat; and 
 
(3) the condition of the mat was more likely to cause someone to trip and
fall. 

T.J. Maxx objected to Lofton’s summary judgment evidence. T.J. Maxx specifically
complained of two statements in Lofton’s affidavit—“It was dangerous for TJ Maxx
to have the mat in the exit area.” “The placement of the mat at the exit created an
unreasonably dangerous condition.”—because the statements were self-serving,
legally conclusory, factually conclusory, and not based on personal knowledge. T.J.
Maxx further objected to Lofton’s reference to photographs, which were not attached
to the affidavit.


 
          The trial court sustained T.J. Maxx’s objections to Lofton’s summary judgment
evidence and granted a take-nothing judgment. Lofton does not contest the ruling on
the summary judgment evidence, but appeals the grant of summary judgment.
Standard of Review 
          Summary judgment is a question of law. Provident Life & Accid. Ins. Co. v.
Knott, 128 S.W.3d 211, 220 (Tex. 2003). Thus, we review a trial court’s summary
judgment decision de novo. Id. at 215. A party moving for no-evidence summary
judgment must assert only that there is no evidence of one or more essential elements
of a claim or defense on which the non-movant would have the burden of proof at trial. 
See Tex. R. Civ. P. 166a(i). The burden then shifts to the non-movant to produce
evidence raising a fact issue on the challenged elements. See id. A no-evidence
summary judgment is improper if the respondent brings forth more than a scintilla of
probative evidence to raise a genuine issue of material fact. Id.; Forbes Inc. v.
Granada Bioscis., Inc., 124 S.W.3d 167, 172 (Tex. 2003). Less than a scintilla of
evidence exists when the evidence is so weak as to do no more than create a mere
surmise or suspicion of a fact. Forbes, 124 S.W.3d at 172. More than a scintilla of
evidence exists if it would allow reasonable and fair-minded people to differ in their
conclusions. Id. As with a traditional summary judgment, we view the evidence in
the light most favorable to the non-movant, disregarding all contrary evidence and
inferences. King Ranch, Inc. v. Chapman, 118 S.W.3d 742, 751 (Tex. 2003).
          If the trial court has granted summary judgment without specifying the ground
or grounds relied on for the ruling, summary judgment will be affirmed on appeal if
any of the theories advanced is meritorious. See State Farm Fire & Cas. Co. v. S.S.,
858 S.W.2d 374, 380 (Tex. 1993).
Premises Liability
          It is undisputed that Lofton was T.J. Maxx’s invitee. As such, T.J. Maxx owed
her a duty to exercise reasonable care to protect her from dangerous conditions in the
store, known or discoverable by T.J. Maxx. See Wal-Mart Stores, Inc. v. Gonzalez,
968 S.W.2d 934, 936 (Tex. 1998). However, an owner-operator’s duty toward its
invitee does not make the owner-operator an insurer of the invitee’s safety. Id. To
recover damages in a slip-and-fall case, a plaintiff must prove:
(1) Actual or constructive knowledge of some condition on the premises
by the owner-operator;

(2) That the condition posed an unreasonable risk of harm;

(3) That the owner-operator did not exercise reasonable care to reduce
or eliminate the risk; and

(4) That the owner-operator’s failure to use such care proximately
caused the plaintiff’s injuries.

Gonzalez, 968 S.W.2d at 264; Corbin v. Safeway Stores, Inc., 648 S.W.2d 292, 296
(Tex. 1983). The owner-operator is considered to have constructive knowledge of any
premises defects or other dangerous conditions that a reasonably careful inspection
would reveal. Corbin, 648 S.W.2d at 295.
          Because an invitee’s suit against a premises owner-operator is a simple
negligence action, the standard of care required of the owner-occupier toward its
invitees is the ordinary care that a reasonably prudent person would exercise under the
same or similar circumstances. Id. at 295. The owner-operator’s liability to an invitee
depends, not on whether a specific set of facts or a specific breach of duty is
established, but, on whether the owner-operator acted reasonably in light of what it
knew or should have known about the risks associated with the condition on the
premises. Id. The core of the duty depends on actual or constructive knowledge of
an unreasonably dangerous condition. CMH Homes, Inc. v. Daenen, 15 S.W.3d 97,
101 (Tex. 2000).
          Lofton argues that T.J. Maxx had constructive knowledge of the mat’s
placement in front of the exit door because one of its employees had put the mat there. 
T.J. Maxx responds that “knowledge that it had placed a floor mat in its foyer is not
knowledge that the floor mat presented a hazard.” We agree. Lofton presented no
evidence that T.J. Maxx had received prior complaints or that the floor mat or its
location created an unreasonably dangerous condition. Lofton’s affidavit created
some evidence that she tripped on the mat in the T.J. Maxx store, but she offered no
evidence that anyone had previously tripped on the mat, that the mat had any defects,
that the type of mat was unusual, or that its particular construction and placement
should have suggested to T.J. Maxx that it presented a prohibitive degree of danger. 
See Seideneck v. Cal Bayreuther Assocs., 451 S.W.2d 752, 754–55 (Tex. 1970). 
Accordingly, there was no evidence that the mat presented an unreasonable risk of
harm.
          We overrule Lofton’s sole issue.Conclusion
We affirm the judgment of the trial court.
 

                                                             George C. Hanks, Jr.
                                                             Justice
 
Panel consists of Justices Nuchia, Hanks, and Higley.