

IN THE
TENTH COURT OF APPEALS

_____

No. 10-12-00135-CV

GLENN BRANTLEY,

Appellant

v.

OAK GROVE POWER COMPANY LCC,
LUMINANT GENERATION COMPANY LCC,
LUMINANT AND ENERGY FUTURE HOLDINGS CORP.,

Appellees

_____

From the 82nd District Court
Robertson County, Texas
Trial Court No. 10-10-18681-CV

## MEMORANDUM  OPINION

Glenn Brantley filed suit against Oak Grove Power Company LLC, Luminant

Generation Company LLC, Luminant, and Energy Future Holdings Corporation for

negligence.[1]  Luminant filed a motion for summary judgment alleging both traditional

_____

[1] We will collectively refer to the appellees as Luminant.

and no evidence grounds. The trial court granted the motion for summary judgment, and Brantley appeals. We affirm.

## Background Facts

Brantley was employed by Fluor Enterprises as an iron worker at the Oak Grove SES Power Plant construction project in Franklin, Texas. On October 22, 2008, Brantley was at the job site standing near a "job box" looking over blueprints and preparing for his work that day. He was wearing denim work pants and steel toed boots. Brantley felt a sharp stinging sensation on the inside of his left knee. He flinched upon feeling the sting and punctured the inside of his knee on a piece of metal protruding from the "job box." Brantley alleges that the stinging sensation he felt was from a spider bite. He developed an infection from the spider bite and the puncture wound.

## Summary Judgment

Brantley argues in six issues on appeal that the trial court erred in granting Luminant's motion for summary judgment. In the first issue, Brantley contends that the trial court erred in granting the motion for summary judgment based upon the doctrine of animals ferae naturae. In issues two and six, Brantley argues that the trial court erred in granting Luminant's motion for summary judgment based upon Chapter 95 of the Texas Civil Practice and Remedies Code. In issues three and four, Brantley complains that Luminant owed an independent duty of care. In issue five Brantley argues that there are genuine issues of material fact regarding multiple elements of Brantley's negligence cause of action.

We review the trial court's granting of a motion for summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). When the trial court does not specify the grounds upon which it ruled, the summary judgment may be affirmed if any of the grounds stated in the motion are meritorious. *Western Investments, Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005).

The movant for a traditional summary judgment must show there are no genuine issues of material fact and he is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex. 1985). A defendant, as movant, is entitled to summary judgment if he (1) disproves at least one element of the plaintiff's theory of recovery; or (2) pleads and conclusively establishes each essential element of an affirmative defense, thereby rebutting the plaintiff's cause of action. *American Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997).

A party may move for summary judgment on the ground there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. TEX. R. CIV. P. 166a(i); *Western Investments, Inc. v. Urena*, 162 S.W.3d at 550. The court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact on those elements. TEX. R. CIV. P. 166a(i); *Merrell Dow Pharmacy., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997).

**Animals Ferae Naturae**

Luminant argued in its motion for summary judgment that it did not owe a duty to Brantley under the doctrine of animals ferae naturae. In the first issue, Brantley

argues that the trial court erred in granting the motion for summary judgment based upon the doctrine.

To prevail on a negligence cause of action, the plaintiff must establish the existence of a duty, a breach of that duty, and damages proximately caused by the breach. *El Chico Corp. v. Poole*, 732 S.W.2d 306, 311 (Tex. 1987). The threshold inquiry in a negligence case is duty. *Id.* The question of duty turns on the foreseeability of harmful consequences, which is the underlying basis for negligence. *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex. 1983); *Nicholson v. Smith*, 986 S.W.2d 54, 59 (Tex. App.—San Antonio 1999, no writ). The existence of a duty is a question of law for the court to decide from the facts surrounding the occurrence in question. *Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996); *Nicholson v. Smith*, 986 S.W.2d at 59.

The doctrine of animals ferae naturae means "animals of a wild nature or disposition," and is a common law doctrine tracing its origins back to the Roman empire whereby wild animals are presumed to be owned by no one specifically but by the people generally. *Nicholson v. Smith*, 986 S.W.2d at 60. The doctrine provides that wild animals belong to the state and that no individual property rights exist as long as the animal remains wild, unconfined, and undomesticated. *Id.* Unqualified property rights in wild animals can arise when they are legally removed from their natural liberty and made the subject of man's dominion. *Id.*

A landowner cannot be held liable for the acts of animals ferae naturae, that is, indigenous wild animals, occurring on his or her property unless the landowner has actually reduced the wild animals to possession or control, or introduced a non-

indigenous animal into the area. *Nicholson v. Smith*, 986 S.W.2d at 60. Brantley contends that the Court in *Nicholson* found that a landowner is not liable for the acts of animals ferae naturae in a strict liability claim. He argues because he is pursuing a negligence claim, Luminant owed him a duty.

In *Nicholson*, the plaintiff was stung by fire ants while staying at a recreational park. The Court found that the plaintiff was attacked by indigenous wild animals in their natural habitat, in the normal course of their existence. *Nicholson v. Smith*, 986 S.W.2d at 62. The defendants did nothing to cause the fire ants to act outside of their expected and normal behavior. *Id*. The plaintiff was not injured while in an artificial structure, nor was he injured where fire ants would not normally be found, nor was the presence of the fire ants due to any affirmative or negligent act of the defendants bringing them upon the property or drawing them to the area where the plaintiff was stung. *Id*.

The Court in *Nicholson* noted that the existence of a duty is a question of law for the court to decide from the facts surrounding the occurrence in question, and the Court did not find that the facts surrounding the occurrence in question supported the imposition of a duty. *Nicholson v. Smith*, 986 S.W.2d at 62. The Court stated:

> We do not say a landowner can never be negligent with regard to the indigenous wild animals found on its property. A premises owner could be negligent with regard to wild animals found in artificial structures or places where they are not normally found; that is, stores, hotels, apartment houses, or billboards, if the landowner knows or should know of the unreasonable risk of harm posed by an animal on its premises, and cannot expect patrons to realize the danger or guard against it.

*Nicholson v. Smith*, 986 S.W.2d at 63.

Brantley contends that Luminant provided building materials that had been left in a field and were infested with spiders and spider webs and that he was in an artificial structure. However, Brantley was at a construction site standing on a concrete slab with a partial structure and no roof. He stated in his deposition that there were spiders everywhere in the field at the construction site and that he was aware of their presence. Brantley was bit by a spider in its natural habitat in the normal course of its existence. *See Nicholson v. Smith*, 986 S.W.2d at 62. The presence of the spiders was not due to any affirmative or negligent act of Luminant bringing them onto the property or drawing them to the area. *See id*. Luminant did not owe Brantley a duty under the doctrine of animals ferae naturae. The trial court did not err in granting Luminant's motion for summary judgment. We overrule Brantley's first issue. Because of our disposition of the first issue, we need not address the remaining issues. *See* TEX. R. APP. P. 47.1.

## Conclusion

We affirm the trial court's judgment.

AL SCOGGINS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed November 29, 2012
[CV06]