# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
May 14, 2021

Lyle W. Cayce
Clerk

No. 20-20551
Summary Calendar

Macrina Flores,

*Plaintiff—Appellant*,

*versus*

Wal-Mart Stores Texas, L.L.C.,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-2037

Before Jolly, Elrod, and Graves, *Circuit Judges*.

Per Curiam:*

Macrina Flores traveled to Houston in December 2017 to attend a baptism. During this trip, Flores went shopping at a Wal-Mart. While in the store, Flores tripped on a clothes hanger that was lying on the floor and was injured.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-20551

Flores brough suit against Wal-Mart, alleging negligence and premises liability under Texas law.  The district court granted summary judgment for Wal-Mart on Flores' premises liability claim because it found that she had not produced sufficient evidence for a reasonable jury to find that Wal-Mart had actual or constructive knowledge of the dangerous condition, i.e., the hanger on the floor, that caused her injury.  Flores appealed.  We now affirm.

I.

Plaintiff Macrina Flores ("Flores") filed a petition in Harris County District Court alleging negligence and premises liability claims against defendant Wal-Mart Stores Texas, L.L.C. ("Wal-Mart").  Wal-Mart removed to the United States District Court for the Southern District of Texas.  After discovery, the district court granted Wal-Mart's motion for summary judgment on the premises liability claim, finding that Flores had not produced sufficient evidence to allow a reasonable jury to conclude that the retailer had actual or constructive knowledge of the hanger that caused the accident.

II.

We review a grant of summary judgment *de novo*.  *West v. City of Houston*, 960 F.3d 736, 740 (5th Cir. 2020) (per curiam).  Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).  A fact is material if it "might affect the outcome of the suit."  *Id.*  We view the evidence in the light most favorable to the nonmovant and draw all reasonable inferences in that party's favor.  *Adams v. Alcolac, Inc.*, 974 F.3d 540, 543 (5th Cir. 2020) (per curiam).

No. 20-20551

III.

Flores argues that the district court did not correctly apply the summary judgment standard and erroneously granted summary judgment for Wal-Mart. She also argues that, under the facts of this case, she need not establish knowledge of the particular hanger involved in the incident but instead can prevail on a showing that Wal-Mart had knowledge of the danger that fallen hangers, in general, posed to shoppers. These arguments fail for the reasons discussed below.

Flores' premises liability claim has four elements: (1) Wal-Mart's actual or constructive knowledge of a dangerous condition; (2) the condition created an "unreasonable risk of harm;" (3) Wal-Mart failed to exercise reasonable care to reduce or eliminate the risk; and (4) Wal-Mart's failure to do so was the proximate cause of her injury. *See CMH Homes, Inc. v. Daenen*, 15 S.W. 3d 97, 99 (Tex. 2000). The district court granted summary judgment on the basis that Flores had failed to produce sufficient evidence to establish the first element, actual or constructive knowledge.

Flores produced one item of evidence to establish the knowledge element:[1] the testimony of her sister-in-law, Hortencia Alvarado Arriaga ("Alvarado"), that a Wal-Mart employee who picked up the hangers after Flores had fallen said that she was picking them up because, if she didn't, she and other employees "would be scolded." This statement supposedly supports Flores' contention that "Wal-Mart [was] aware of the hazards of

---

[1] Flores argues that two out-of-circuit opinions, *Ballance v. Wal-Mart Stores, Inc.*, No. 98-1702, 1999 WL 231653 (4th Cir. Apr. 21, 1999), and *Ricci v. Wal-Mart Stores E., LP*, 2018 WL 4308556 (S.D.N.Y. Sept. 10, 2018), involving different Wal-Mart stores operated by different Wal-Mart entities in different states contain material that supports the first element of her premises liability claim. We disagree. Because the testimony cited in these opinions does not relate to the store involved in this case or the defendant LLC, we do not find them probative.

hangers on the floor." Really, it indicates nothing more than that an employee of a large retail store knew or assumed that management would not want objects littered on the floor. Because this one item of evidence is insufficient to establish a genuine dispute with respect to knowledge, Flores' premises liability claim fails.

Flores discusses the summary judgment standard at great length, but applying the standard to this record is not complicated. In order to survive a motion for summary judgment, there must be a genuine dispute of material fact, meaning that the evidence must be such that a reasonable jury could return a verdict for the nonmoving party. *See Anderson*, 477 U.S. at 248. A reasonable jury could not find, merely on the basis of Alvarado's testimony, that Wal-Mart had knowledge of the hanger that caused the accident. The district court thus did not err in granting summary judgment for Wal-Mart.

Flores also argues that she need not show knowledge of the actual hanger that caused the accident but that she can establish knowledge by showing that Wal-Mart was aware, generally, that hangers often got onto the floor of its stores, creating hazards. This argument is grounded in *Corbin v. Safeway Stores, Inc.*, 648 S.W. 2d 292 (Tex. 1983), a case in which a retailer was held liable for injuries sustained by a shopper who slipped on a grape, even though it had no knowledge of the particular grape on which Corbin slipped. In *Corbin*, Safeway had set up a grape display that it acknowledged created an "unusually high risk" of grapes falling onto the linoleum floor below and creating a hazard. Although the store did not have knowledge of the particular grape that caused the accident, the court held that a jury could find that the display, and not the fallen grape, was the dangerous condition giving rise to liability.

Flores reads *Corbin* much too broadly. It essentially created an exception to the general rule for establishing knowledge on account of the

unusual facts involved, i.e., an "unusually high risk" display that could be expected to repeatedly generate more specific hazards. *See Brookshire Grocery Co. v. Taylor*, 222 S.W. 3d 406, 408 (Tex. 2006) (describing *Corbin* as an "exceptional case"). There is nothing analogous to the grape display in this case. The mere presence of clothes hangers in normal use at a retail store cannot reasonably be construed, in and of itself, as a dangerous condition, even if they do sometimes fall on the floor.

## IV.

In order to create a genuine dispute with respect to her premises liability claim, Flores needed to produce evidence sufficient for a reasonable jury to find that Wal-Mart had actual or constructive knowledge of the hanger that caused her accident. She did not do so. The evidence she has produced is not even sufficient to support her contention that Wal-Mart had knowledge of a persistent problem with hangers falling on the floor in its stores. The district court thus did not err in granting summary judgment for Wal-Mart.

For the reasons stated, the judgment of the district court is, in all respects, AFFIRMED.