**NATIONAL CONVENIENCE STORES, INC. d/b/a Stop N Go Convenience Store No. 3741, Appellant,**

v.

**Mary E. ARRINGTON, Appellee.**

No. 01–94–00905–CV.

Court of Appeals of Texas, Houston (1st Dist.).

March 2, 1995.

Rehearing Overruled March 30, 1995.

Andrew F. Spalding, Phillip D. Sharp, Raymond L. Gregory, Houston, for appellant.

Rodney Merwin, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and HEDGES and ANDELL, JJ.

## OPINION

OLIVER–PARROTT, Chief Justice.

This is an appeal from a judgment awarding the appellee, Mary E. Arrington, $7500 in personal injury damages in a premises liability case. The jury found appellant, National Convenience Stores, Inc., and appellee each 50 percent negligent. The jury also found that appellee had sustained $15,000 in damages. The appellant asserts that there is "no evidence" to support the findings of negligence against the premise owner.

On March 4, 1989, at about 9:00 p.m., appellee drove to one of appellant's stores on Bissonnet Road "just past Eldridge Road" and "just inside Highway 6" to buy a quart of milk. It was a windy night. As she approached the door, she noticed a mat on the sidewalk in front of the door "pushed to the side" with six-inch folds in it. A trash can and firewood were also on the sidewalk, which prevented her from stepping around the mat when entering the door. As she stepped over the mat, the wind picked it up and blew it into her legs, causing her to fall. Appellee broke her arm, which required two operations.

■ In its sole point of error, appellant contends that there is no evidence to support the jury's finding that it was negligent. The elements of a premises liability cause of action are:

(1) Actual or constructive knowledge of some condition on the premises by the owner/operator;

(2) the condition posed an unreasonable risk of harm;

(3) the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and

(4) the owner/operator's failure to use such care proximately caused the plaintiff's injuries.

*Keetch v. Kroger Co.,* 845 S.W.2d 262, 264 (Tex.1992); *Joachimi v. City of Houston,* 712 S.W.2d 861, 863–64 (Tex.App.—Houston [1st Dist.] 1986, no writ). The owner or operator of the premises is considered to have constructive knowledge of any premises defects or other dangerous conditions that a reasonably careful inspection would reveal. *Corbin v. Safeway Stores, Inc.,* 648 S.W.2d 292, 295 (Tex.1983); *Joachimi,* 712 S.W.2d at 863. In conjunction with the question on negligence, the jury was instructed:

"Negligence," when used with respect to the conduct of Stop N Go as an owner or occupier of a premises, means failure to use ordinary care to reduce or eliminate an unreasonable risk of harm created by a premises condition that the owner or occupier knows about or in the exercise of ordinary care should know about.

"Ordinary care," when used with respect to the conduct of Stop N Go as an owner or occupier of a premises, means that degree of care that would be used by an owner or occupier of ordinary prudence under the same or similar circumstances.

Specifically, appellant contends that there is no evidence to show, or from which to infer, that it had actual or constructive knowledge of the condition that caused appellee's injuries. It presented this complaint in its motion for judgment notwithstanding the verdict, which the trial court denied.

■ In reviewing legal insufficiency or "no evidence" points, the reviewing court considers only the evidence and inferences that tend to support the findings, and disregards all evidence and inferences to the contrary. *Davis v. City of San Antonio,* 752 S.W.2d 518, 522 (Tex.1988); *Neese v. Dietz,* 845 S.W.2d 311, 312 (Tex.App.—Houston [1st Dist.] 1992, writ denied). An appellate court is limited to reviewing only the evidence tending to support the jury findings in a "no evidence" point of error. *Sherman v. First Nat'l Bank,* 760 S.W.2d 240, 242 (Tex.1988); *Fazzino v. Guido,* 836 S.W.2d 271, 273 (Tex. App.—Houston [1st Dist.] 1992, writ denied). If there is any evidence of probative force to support the finding, the point must be overruled and the finding upheld. *Sherman,* 760

**314**

S.W.2d at 242; *Hollander v. Capon,* 853 S.W.2d 723, 726 (Tex.App.—Houston [1st Dist.] 1993, writ denied); *Neese,* 845 S.W.2d at 312.

Appellant argues that there is no evidence showing 1) how the mat became bunched up; 2) how long the mat was bunched up before appellee's arrival; 3) that an employee saw, had time to see, or knew about the bunched up mat; 4) how much time had passed since the mat became bunched up and appellee's arrival; 5) that the mat was bunched up for sufficient time that it should have been discovered and removed by employees. This argument assumes that the only hazardous condition that the jury could have found was the bunched up mat.

There was evidence from which the jury could have concluded that the hazardous condition was a mat, bunched up or not, outside the door during gusty, windy weather. Appellant testified that she did not trip over a fold, but fell when the wind carried the mat into her legs. She testified that gusty, windy conditions existed earlier that evening when she was at dinner with friends in Richmond, Texas. She stated that the cashier could see the front door and the mat outside from behind the cash register. Sharon Davis, appellant's safety manager, testified that the mat could have been placed inside the door, away from the weather conditions outside, and that appellant knows that a mat can constitute a hazardous condition. She also testified that the corporate office allowed each store to decide where to place mats of this type.

The evidence and reasonable inferences drawn therefrom show that the cashier could see the windy conditions and the mat from the cash register; that the windy conditions existed for much of the evening, which was sufficient time to be observed by the cashier; that appellant and its employees are aware that a mat can pose a hazardous condition to its customers; that the mat could have been placed inside the front door; and that the mat was light enough to be moved by the wind and/or the previous foot traffic. There is legally sufficient evidence to show that appellant had knowledge or constructive knowledge of the hazardous condition.

We overrule appellant's sole point of error and affirm the judgment.