**RICE FOOD MARKET, INC., Appellant,**

v.

**Rhonda HICKS, Appellee.**

**No. 01–02–00019–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

May 8, 2003.

Dissenting Opinion on Denial of En Banc Review July 31, 2003.

Alan N. Magenheim, Kevin D. Jewell, Magenheim, Bateman & Helfand, P.L.L.C., Houston, TX, for Appellant.

David J. Sacks, Sacks & Associates, Houston, TX, for Appellee.

Panel consists of Justices HEDGES, JENNINGS and ALCALA.

## OPINION

ADELE HEDGES, Justice.

In this premise liability suit, a jury found appellant, Rice Food Market, Inc., negligent and awarded appellee, Rhonda Hicks, $75,287.67 plus post-judgment interest and costs. In its first, second, and third points of error, Rice challenges the legal and factual sufficiency of the evidence supporting the jury's finding that it was negligent. In its fourth point of error, Rice challenges the legal and factual sufficiency of the evidence to support the amounts awarded for future medical care and loss of earning capacity. We reverse and render judgment.

### Background

Hicks, accompanied by her daughter, Noelle, and her son, Dorian, went to a Rice Food store. While attempting to purchase candy at a See's Candy kiosk located in the store, one end of a See's Candy sign fell off the canopy of the kiosk and struck Hicks on the right side of her face and right arm. Although Noelle and Dorian saw the sign fall, the Rice employee did not see the accident.

When the sign struck her, Hicks lost her balance, but her daughter caught her before she fell. An ambulance took Hicks to the hospital where she received treatment for severe bruising to her face and forearm.

The sign in question was made of plexiglass. It was approximately 54 inches long, eight inches wide, and weighed approximately three and one-half pounds.

### Standard of Review

When, as here, the party without the burden of proof challenges the legal sufficiency of the evidence, we will sustain the challenge only if, considering the evidence and inferences in the light most favorable to the finding, there is not more than a scintilla of evidence supporting it. *Burroughs Wellcome Co. v. Crye*, 907 S.W.2d 497, 499 (Tex.1995). "More than a scintilla of evidence exists where the evidence supporting the finding, as a whole, 'rises to a level that would enable reasonable and fair-minded people to differ in their conclusions.'" *Id.* (quoting *Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 25 (Tex. 1994)).

### Analysis

When the injured party is an invitee, as Hicks was, the elements of a premise liability cause of action are:

(1) Actual or constructive knowledge of some condition on the premises by the owner/operator;

(2) the condition posed an unreasonable risk of harm;

(3) the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and

(4) the owner/operator's failure to use such care proximately caused the plaintiff's injuries.

*CMH Homes, Inc., v. Daenen*, 15 S.W.3d 97, 99 (Tex.2000); *National Convenience Stores, Inc., v. Arrington*, 896 S.W.2d 312, 313 (Tex.App.-Houston [1st Dist.] 1995, no writ).

Rice contends that the evidence was legally and factually insufficient to prove the first three elements of the cause of action.

## Actual or Constructive Notice

In its second point of error, Rice contends that the evidence is legally and factually insufficient to show that it had actual or constructive notice that the sign on the kiosk posed an unreasonable risk of harm. "The fact that the owner or occupier of a premises created a condition that posed an unreasonable risk of harm may support an inference of knowledge." *Keetch v. Kroger Co.*, 845 S.W.2d 262, 265 (Tex.1992). Even with an inference of knowledge, the jury must still find that the owner or occupier knew or should have known of the condition. *Id.* Such an inference as a matter of law is improper unless knowledge is uncontroverted. *Id.*

Thus, we consider whether there is any evidence that Rice had actual or constructive knowledge of an unreasonable risk of harm. Rice denied actual knowledge that the sign posed an unreasonable risk of harm. Therefore, actual knowledge was not established as a matter of law.

We examine the record to determine whether the evidence is legally sufficient to establish Rice's actual or constructive knowledge. There is no evidence that the sign had ever fallen down before this incident, and a Rice representative testified that he knew of no similar incident. Moreover, there is no evidence in the record that the sign was a dangerous condition from the moment it was installed. Therefore, there is no evidence that Rice had actual knowledge that the sign on the kiosk posed an unreasonable risk of harm.

Likewise, Hicks presented no evidence of Rice's constructive knowledge of the allegedly dangerous condition. Constructive knowledge may be established by showing that the condition had existed long enough for the owner or occupier to have discovered it upon reasonable inspection. *CMH Homes, Inc.*, 15 S.W.3d at 102.

Hicks failed to present any evidence on how long the sign had been attached to the canvas. The evidence is legally insufficient to support a finding of knowledge.

While we are sympathetic to anyone who is innocently injured, we emphasize that premise owners neither are insurers nor are they strictly liable. *Id.* Hicks argues that the use of a velcro strip to attach the sign to the kiosk and the presence of unused screw mounts on the sign are evidence of constructive notice. We disagree. "Evidence that an owner or occupier knew of a safer, feasible alternative design, without more, is not evidence that the owner knew or should have known that a condition on its premises created an unreasonable risk of harm." *Id.*

We, therefore, sustain Rice's second point of error.

Because our determination of Rice's second point of error is dispositive, we decline to address its other points.

## Conclusion

We reverse the judgment of the trial court and render judgment that Hicks take nothing.

Justice ALCALA dissenting.

ELSA ALCALA, Justice, dissenting.

Can a business that creates a dangerous condition escape responsibility by claiming that it did not know about the condition? Because I believe that the answer to this question should be no, I respectfully dissent. I disagree with the majority opinion, which states that, "there is no evidence in the record that the sign was a dangerous condition from the moment it was installed," and, on that basis, further states that, there is "no evidence that Rice had actual knowledge that the sign on the kiosk posed an unreasonable risk of harm."

To prevail in a premises liability case, an invitee like Hicks must prove that the premises occupier or owner had actual or constructive knowledge of a dangerous condition on the premises. *Wal–Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 813 (Tex.2002). In my opinion, Hicks established with more than a scintilla of evidence that Rice had actual knowledge of the dangerous condition.

### The Charge

The charge complied with the requirements of *Keetch v. Kroger Company* by asking the jury to make a factual determination about whether Rice knew or should have known about the danger. *See Keetch v. Kroger Co.*, 845 S.W.2d 262, 264–65 (Tex.1992). The jury charge included an instruction that a fact is established by circumstantial evidence when it may be fairly and reasonably inferred from the facts proved and included the following single, broad form question to determine negligence:

> Did the negligence, if any, of the Defendants named below proximately cause the occurrence in question? With respect to the condition of the premises, Defendant was negligent if—(a) The condition posed an unreasonable risk of harm, and (b) *Defendant knew or reasonably should have known of the danger,* and (c) Defendant failed to exercise ordinary care to protect Plaintiff from the danger, by both failing to adequately warn Plaintiff of the condition and failing to make that condition reasonably safe.

(Emphasis added.)

The jury answered "yes" to this broad-form premises-liability question and thus made a factual determination that Rice had actual or constructive knowledge of the dangerous condition. The issue in this case is whether there is sufficient evidence in the record to uphold the jury's finding that Rice knew or should have known of the dangerous condition.

### Actual Knowledge

The issue in this case is whether there is more than a scintilla of evidence to support the jury's "yes" answer that Rice had actual knowledge of the dangerous condition. Premises liability cases often involve slip-and-fall accidents and manner of display of goods. I will discuss each in turn.

A slip-and-fall plaintiff satisfies the knowledge element by establishing that (1) the defendant placed the substance on the floor, (2) the defendant actually knew that the substance was on the floor, or (3) it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it. *Wal–Mart Stores, Inc.*, 81 S.W.3d at 814. A slip-and-fall plaintiff can satisfy the knowledge element by establishing that a defendant actually placed the injury-producing substance on the floor. *Id.* When the plaintiff cannot prove that a defendant actually caused the dangerous condition or actually knew about the dangerous condition, the plaintiff can establish a defendant's liability by proving that the premises owner should have known of the danger through a reasonably careful routine inspection. *Id.*

A plaintiff can also satisfy the knowledge element by establishing that the manner of the display used by the premises occupier or owner created the dangerous condition from the inception. *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex.1983). In *Corbin*, the plaintiff slipped and fell on a grape that was on the floor in front of a grape display. The court held that a jury could conclude from the evidence presented that the manner of displaying grapes—in a slanted bin over a linoleum tile floor with no protective floor

mat—posed an unusually high risk of injury, and that because the store was responsible for placing a mat in front of the grape display, the absence of a mat was some evidence that Safeway had knowledge of the unreasonable risk. *Id.* at 297; *see also CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 101 (Tex.2000) ("The [*Corbin*] display constituted a dangerous condition from the moment it was used.").

*CMH Homes, Inc.* reiterated the distinction between conditions that are dangerous from their inception, such as the *Corbin* situation, and conditions on premises that are not dangerous at the inception but become unsafe over time. *CMH Homes, Inc.*, 15 S.W.3d at 101. Reversing the jury's verdict, the court said, "There is no evidence that the step and platform on which [the plaintiff] was injured was a dangerous condition from the inception of its use." *Id.*

Did Rice have actual knowledge of the dangerous condition where the undisputed evidence shows that Rice created the injury-producing condition? Assuming for the moment that the evidence shows that the manner of the display of the sign was dangerous, how can Rice claim to have no actual knowledge of the dangerous condition when Rice created that condition? Was the sign on the kiosk a dangerous condition from the inception of its use?

Whether there is more than a scintilla of evidence to support the jury's finding of a vital fact is often a close question. *See Seideneck v. Cal Bayreuther Assoc.*, 451 S.W.2d 752, 755 (Tex.1970). In my opinion, considering the evidence and inferences in the light most favorable to the jury's finding, more than a scintilla of evidence supports the conclusion that Rice had actual knowledge that the sign on the kiosk posed an unreasonable risk of harm from the moment it was installed. Additionally, the evidence is not so weak or the verdict so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust.

### The Evidence

Rice called no defense witnesses at the jury trial. The evidence is thus largely undisputed. While Hicks was standing at a kiosk attempting to purchase candy, a sign fell from the kiosk. The sign struck her on the head and body and injured her. Greg Belsheim, a Rice corporate representative, testified that Rice installed the sign, which was attached with Velcro. An issue at trial was whether the sign was also attached with screws in addition to the Velcro. Belsheim initially stated that he did not know whether there were screws on the sign at the time of the incident, but later testified as follows:

> Question: You say you know that it was attached by a screw or more?
>
> Answer: Well.
>
> Question: No, No, Sir. You are under oath. Tell us what you know. Was it or was it not?
>
> The Court: Overruled.
>
> Answer: No.

Belsheim further admitted that the photos depicting the sign show the mount for the screws but no screws. He also admitted that the photos showed that the canvas on the kiosk where the sign was mounted had not been pierced by a screw. The sign weighed three and one-half pounds. Belsheim stated that he never checked the sign personally after it was installed and did not know of anyone who had ever checked it.

The jury could have determined, from this circumstantial evidence, that the manner of the display of the sign was dangerous from the inception. One end of the sign swung down from the kiosk and struck Hicks. Belsheim testified that Vel-

cro is not permanent and that it does not give away evenly. Regardless of how long the sign had been in place, the jurors, using their life experiences with Velcro and common sense understanding of how Velcro works, could have found that attaching a three and one-half pound sign with Velcro rather than screws was unreasonable and dangerous. I would defer to the jury's determination of this issue and believe that more than a scintilla of evidence supports the jury's assessment of the evidence.

Belsheim further testified that he was not aware of any other kiosks in the store where Velcro was used in place of screws. As in *Corbin,* in which the absence of a mat, combined with the manner of the display, gave the defendant notice of the dangerous condition, 648 S.W.2d at 297, Belsheim's knowledge that no other signs were affixed with Velcro alone was further circumstantial evidence that Rice knew the manner of the display was dangerous.

Hicks established that Rice created the dangerous condition by affixing the sign onto the kiosk in the manner that it did. The jury had circumstantial evidence to determine that the manner of the display was dangerous from the inception. Because there is more than a scintilla of evidence to uphold the jury's finding of actual knowledge, I dissent.

En banc review denied July 31, 2003.

EVELYN V. KEYES, Justice,
dissenting on denial of en banc review.

I respectfully dissent from the Court's denial of en banc review.

The majority, citing *Keetch v. Kroger Co.,* 845 S.W.2d 262, 265 (Tex.1992), states that an inference that a premises owner had actual or constructive notice of an unreasonable risk of harm to invitees "as a matter of law is improper unless knowl-

edge is uncontroverted"; and it holds that Rice's knowledge is not established as a matter of law because it denied knowing that the sign which fell was hazardous. The majority does not mention the rule for inferring knowledge when knowledge is controverted, namely, that knowledge may be inferred, in an appropriate case, when (1) the owner has actual knowledge of the unusually high risk associated with a display (*e.g.,* a slanted grape display), even though it does not know about the particular hazardous event (a particular grape on the floor); (2) the condition has existed for a period of time; (3) "store employees were working on the display stand which caused the injury"; or (4) "the premises owner or occupier created a condition which poses an unreasonable risk of harm." *Id.* at 265–66.

The majority states first that there is no evidence the sign had fallen down before. This type of argument, that the past is predictive of the future, is valid only when the dangerous condition actually has caused harm in the past and been ignored; it does not follow from the fact that an event did *not* happen in the past that it will not happen in the future. The majority concludes, "there is no evidence in the record that the sign was a dangerous condition from the moment it was installed." This is simply false. The evidence shows that the condition was created by Rice employees' having attached a large, heavy overhead sign by means of velcro straps, ignoring the screw holes by which the sign was designed to be attached.

Finally, the majority states that there was no evidence of how long the sign had been in place. That argument applies only when the length of time the condition was present makes it more likely that the injury which did occur will occur, such as the increasing risk over time that steps will become unstable, as in *CMH Homes, Inc.,*

*v. Daenen*, 15 S.W.3d 97, 102 (Tex.2000), which the majority cites, or when the owner lacks a reasonable opportunity to discover the dangerous condition. *See Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 297 (Tex.1983). The danger of an improperly attached sign's falling does not increase over time; or, if it does, that fact does not alter the fact that a large, heavy overhead sign attached with velcro straps instead of screws is dangerous from the moment it is improperly installed.

Rice admitted that simply looking inside the kiosk would have revealed that the sign was improperly attached. The occupier of premises is considered to have constructive knowledge of any dangerous condition that a reasonably careful inspection would reveal. *Id.*, 648 S.W.2d at 295.

Under *Keetch* and *Corbin*, the majority should have held that the jury could reasonably have inferred Rice's knowledge of the unreasonably harmful condition posed by the sign from the proof that Rice employees created it and even a minimal inspection would have revealed it. Because I believe that the majority's opinion is contrary to established law and that its disposition in this case will affect the outcome of many cases tried in the fourteen county jurisdiction of this Court, I respectfully dissent from the denial of en banc review.

Appellee requested en banc review.

Justices HEDGES, TAFT, JENNINGS, NUCHIA, and HIGLEY voted to deny en banc review.

Chief Justice RADACK and Justices KEYES, HANKS, and ALCALA voted to grant en banc review.