Opinion issued December 18, 2003



     












In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00737-CV




PATRICIA SMITH AND FRANK SMITH, Appellants

V.

HCD OPERATING COMPANY, L.P., d/b/a OMNI HOUSTON HOTEL,
Appellee




On Appeal from the 260th District Court
Harris County, Texas
Trial Court Cause No. 00-39459




MEMORANDUM OPINION

          Patricia Smith and her husband Frank Smith, appellants, sued HCD Operating
Company, L.P., d/b/a Omni Houston Hotel (HCD), appellee, for personal injuries,
asserting premises liability and negligence claims. On appeal, appellants challenge
a no-evidence summary judgment rendered against them, contending that (1) the trial
court erred in finding no evidence existed that HCD had constructive knowledge of
the dangerous condition existing on its premises and (2) the trial court erred in
finding no evidence existed that HCD was engaged in a negligent activity.
          We affirm.
FACTS AND PROCEDURAL HISTORY
          On December 25, 1999, Patricia Smith was having brunch in the crowded
lobby of the Omni Hotel in Houston, Texas when she slipped on a strawberry and fell
near the brunch buffet tables. Although the lobby was mostly carpeted, the part of the
lobby on which Mrs. Smith fell had a marble floor. The marble floor was exposed
and had not been covered with a protective mat. Mrs. Smith suffered a knee injury
as a result of her fall.
          Appellants sued HCD, alleging Mrs. Smith’s injuries were caused by (1) a
premise defect, based on HCD’s negligence in allowing a dangerous condition to
exist and in failing to warn Mrs. Smith of the condition; and (2) a negligent activity,
based on HCD’s ongoing activity of serving the brunch buffet in a negligent manner. 
Before trial, HCD filed a motion for a no-evidence summary judgment, asserting that 
 
(1) HCD had no actual notice of the dangerous condition and appellants failed to
present evidence of constructive notice, and (2) Mrs. Smith was not injured by an
activity engaged in by HCD. The trial court granted HCD’s motion for a no-evidence
summary judgment.
STANDARD OF REVIEW
          When reviewing a no-evidence summary judgment, we must consider the
evidence in the light most favorable to the non-movant and make all inferences in the
non-movant’s favor. Tex. R. Civ. P. 166a(i); Morgan v. Anthony, 27 S.W.3d 928, 929
(Tex. 2000); Flameout Design & Fabrication, Inc. v. Pennzoil Caspian Corp., 994
S.W.2d 830, 834 (Tex. App.—Houston [1st Dist.] 1999, no pet.). A no-evidence
summary judgment is properly granted if the non-movant fails to produce more than
a scintilla of evidence to raise a genuine issue of material fact as to an essential
element of the non-movant’s claim on which the non-movant would have the burden
of proof at trial. Flameout Design & Fabrication, 994 S.W.2d at 834. More than a
scintilla of evidence exists when the evidence “rises to a level that would enable
reasonable and fair-minded people to differ in their conclusions.” See Burroughs
Wellcome Co. v. Crye, 907 S.W.2d 497, 499 (Tex. 1995).
PREMISES DEFECT CLAIM
          In their first point of error, appellants assert that the trial court erred in granting
HCD’s motion for no-evidence summary judgment as to appellants’ premises liability
claim. Specifically, appellants contend that, although HCD had no actual notice of
the dangerous condition (i.e., the rogue strawberry), appellants presented sufficient
circumstantial evidence to create a fact question as to whether HCD had constructive
notice of the condition. In response, HCD argues that appellants failed to raise a fact
issue as to HCD’s constructive notice because they did not present more than a
scintilla of evidence concerning how long the dangerous condition existed prior to
the accident.
A.      Premises Liability in General
          Mrs. Smith was HCD’s invitee. As such, HCD owed her a duty to exercise
reasonable car to protect her from dangerous conditions in the hotel that were known
or discoverable to HCD. Wal-Mart Stores, Inc. v. Gonzalez, 968 S.W.2d 934, 936
(Tex. 1998). This duty, however, neither made HCD an insurer of Mrs. Smith’s
safety nor does it make HCD strictly liable for her injuries. Rice v. Hicks, 111 S.W.3d
610, 613 (Tex. App.—Houston [1st Dist.] 2003, pet. filed). To recover on their
premises liability theory, appellants must show the following:
(1)actual or constructive knowledge of some condition on the
premises by HCD;
 
(2)the condition posed an unreasonable risk of harm;
 
(3)HCD did not exercise reasonable care to reduce or eliminate the
risk; and


 
(4)HCD’s failure to use such care proximately caused Mrs. Smith’s
injuries.

CMH Homes, Inc. v. Daenen, 15 S.W.3d 97, 99 (Tex. 2000) (emphasis added); see
also, Nat’l Convenience Stores, Inc. v. Arrington, 896 S.W.2d 312, 313 (Tex.
App.—Houston [1st Dist.] 1995, no writ). 
B.      Constructive Notice in Particular
          Because appellants concede that HCD did not have actual notice of the
condition, they must prove that HCD had constructive notice of the condition. To
prove constructive notice, the evidence must establish that it is more likely than not
that the dangerous condition existed long enough to give the defendant a reasonable
opportunity to discover the condition. Gonzales, 968 S.W.2d at 936. “The so-called
‘time-notice rule’ is based on the premise that temporal evidence best indicates
whether the owner had a reasonable opportunity to discover and remedy a dangerous
condition.” Wal-Mart v. Reece, 81 S.W.3d 812, 816 (Tex. 2002).
          One may prove constructive notice of a dangerous condition by circumstantial
evidence. See Gonzales, 968 S.W.2d at 936. However, if circumstantial evidence is 
so meager as to make any plausible inference derived from such evidence no more
than a guess, then it is, in legal effect, no evidence at all. Wright v. Wal-Mart Stores,
Inc, 73 S.W.3d 552, 555 (Tex. App.—Houston [1st Dist.] 2002, no pet.). 
 
 
          In the instant case, appellants assert that they presented sufficient evidence to
create a question of fact as to whether the dangerous condition existed long enough
to give HCD a reasonable opportunity to discover it. Appellants direct us to the
following evidence:
(1)whole strawberries may have been used as a part of a
display or as a garnishment at the crepe station, both of
which were near the spot Mrs. Smith fell;
 
(2)Mrs. Smith was not carrying a strawberry on her plate
when she fell, only cantaloupe;
 
(3)none of the three employees assigned to watch the floor
saw Mrs. Smith fall;
 
(4)remnants of a strawberry were found on the heel of Mrs.
Smith’s shoe and dress; and
 
(5)fruit was observed on the floor after Mrs. Smith fell.

          Although this evidence raises a question of fact as to whether Mrs. Smith
slipped on a strawberry, it does nothing to prove how long the strawberry was on the
floor before she slipped on it. We conclude that appellants’ summary judgment
evidence—as to the issue of how long the dangerous condition existed—was so
meager that any plausible inference derived from such evidence would be no more
than a guess.
          Appellants also assert that “no matter how long the strawberry was on the floor,
in this case, it was too long because three employees were supposed to be watching
the floor as defendant recognized the potential danger.” However, the fact that HCD
employees were in close proximity to the dangerous condition and were to watch for
hazards does not relieve appellants of their duty to show some proof of how long the
condition existed prior to the accident. See Reece, 81 S.W.3d at 816. Such evidence
alone merely indicates that it was possible for HCD to discover the condition, not that
HCD reasonably should have discovered it. See id. We conclude evidence that HCD
had employees in the vicinity of the accident is not sufficient to impose on HCD
liability for failing to discover and rectify, or warn of, the fallen strawberry, absent
evidence indicating how long the strawberry had been on the ground.
          Appellants failed to raise a genuine issue of material fact as to whether HCD
had actual or constructive notice of the dangerous condition that caused Mrs. Smith’s
injuries. Therefore, we hold that the trial court did not err in granting HCD’s motion
for no-evidence summary judgment as to appellants’ premise defect claim.
          Appellants’ first point of error is overruled.
NEGLIGENT ACTIVITY CLAIM
          In their second point of error, appellants assert that the trial court erred in
granting HCD’s motion for no-evidence summary judgment as to appellants’
negligent activity claim. Specifically, appellants contend that they raised a question
of fact concerning whether Mrs. Smith was injured by a negligent activity, because
“having people travel over an unprotected marble floor, especially in large crowds,
carrying plates of food, has to be a negligent activity, separate and distinct from the
slip and fall claim of [appellants].” 
          To recover under a negligent activity theory in a slip and fall case, a plaintiff
must prove that she was injured by, or as a contemporaneous result of, a negligent
activity, rather than by a condition created by a negligent activity. See Keetch v.
Kroger Co., 845 S.W.2d 262, 264 (Tex. 1992). Further, her injuries must be directly
related to an ongoing activity. Allen v. Albright, 43 S.W.3d 643, 649 (Tex.
App.—Texarkana 2001, no pet.); Stanley Stores, Inc. v. Veazey, 838 S.W.2d 884, 886
(Tex. App.—Beaumont 1992, pet. denied). If the plaintiff’s injury was caused by a
condition created by an activity rather than the activity itself, the plaintiff is limited
to a premises liability theory of recovery. Pifer v. Muse, 984 S.W.2d 739, 742 (Tex.
App.—Texarkana 1998, no pet.).
          In the instant case, appellants’ negligent activity claim is predicated upon the
contention that HCD was negligent in the manner in which it served its buffet. To
support this contention, appellants presented summary judgment evidence showing
that Mrs. Smith injured her knee when she slipped on a strawberry while walking on
a marble floor near brunch buffet tables. Appellants also presented evidence that the
buffet tables were in a crowded hotel lobby and that no matting was placed over the
marble floor. 
          Appellants, however, presented no summary judgment evidence showing how
HCD’s service of the breakfast buffet caused Mrs. Smith’s injury. Although HCD’s
service of the buffet may have created conditions which ultimately allowed Mrs.
Smith’s injury to occur (i.e., the strawberry, the exposed marble floor, and the crowd),
there is no evidence indicating that Mrs. Smith was injured by or as a
contemporaneous result of the service itself.
          Appellants failed to raise a genuine issue of material fact as to whether Mrs.
Smith’s injury was caused by or as a contemporaneous result of an ongoing negligent
activity. Therefore, we hold that the trial court did not err in granting HCD’s motion
for no-evidence summary judgment as to appellants’ negligent activity claim.
          Appellants’ second point of error is overruled.
CONCLUSION
          We affirm the judgment of the trial court.
 

                                                             Laura Carter Higley
                                                             Justice
 
Panel consists of Justices Nuchia, Higley and Hedges


.