Opinion issued May 22, 2008 



 







In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-06-00486-CV
____________

PATRICIA ASTOLFO AND HARRY ASTOLFO, Appellants

V.

HOBBY LOBBY STORES, INC., Appellee




On Appeal from 55th District Court
Harris County, Texas
Trial Court Cause No. 2003-41381



 
MEMORANDUM OPINION

          Appellants, Patricia and Harry Astolfo (“the Astolfos”), appeal the trial court’s
summary judgment on their claims against appellee, Hobby Lobby, Inc. (“Hobby
Lobby”), for injuries sustained when two nesting tables


 fell from a shelf and struck
Patricia Astolfo. We consider whether the Astolfos presented more than a scintilla
of probative evidence of each element of their premises liability claim to defeat
summary judgment. We affirm.
Facts
          Patricia Astolfo was visiting Hobby Lobby when she was struck by two nesting
tables that spontaneously fell from the top display shelf while she was walking down
the aisle. Prior to this incident, the tables had been on the top display shelf for three
to six weeks without incident.   Patricia Astolfo contends that the tables were
“stacked”


 on top of one another and that, when they spontaneously fell, she sustained
serious and permanent bodily injury. Harry Astolfo’s claim results from a loss of
consortium. 
Standard of Review
          In the appeal from a traditional summary judgment, we determine whether the
movant met its summary judgment burden by establishing that no genuine issue of
material fact exists and that the movant is entitled to judgment as a matter of law. See
Tex. R. Civ. P. 166a(c); KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.,
988 S.W.2d 746, 748 (Tex. 1999); City of Houston v. Clear Creek Basin Auth., 589
S.W.2d 671, 678 (Tex. 1979). We accept as true all evidence that supports the non-movant, indulge every reasonable inference in favor of the non-movant, and resolve
any doubts in favor of the non-movant. Am. Tobacco Co. v. Grinnell, 951 S.W.2d
420, 425 (Tex. 1997). 
          In a rule 166a(i) no-evidence summary judgment motion, the movant represents
that no evidence exists as to one or more essential elements of the non-movant’s
claim upon which the non-movant would have the burden of proof at trial. Tex. R.
Civ. P. 166a(i). The non-movant must then present evidence raising a genuine issue
of material fact on the challenged elements. Id. We review a no-evidence summary
judgment by viewing the evidence in the light most favorable to the non-movant and
disregarding all contrary evidence and inferences. Patriacca v. Frost, 98 S.W.3d 303,
306 (Tex. App.—Houston [1st Dist.] 2003, no pet.). 
          We review a trial court’s grant of summary judgment de novo. Valence
Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005). The motion must state
the specific grounds relied upon for summary judgment. Tex. R. Civ. P. 166a(c). In
other words, we will not affirm a summary judgment on a ground not included in the
motion for summary judgment. Travis v. City of Mesquite, 830 S.W.2d 94, 100 (Tex.
1992). When, as here, a trial court does not state the reasons for its ruling, the
judgment will be upheld upon any theory alleged in the motion. Harwell v. State
Farm Mut. Auto. Ins. Co., 896 S.W.2d 170, 173 (Tex. 1995).
           We must determine whether the non-movant produced more than a scintilla of
probative evidence to raise a genuine issue of material fact. Jackson v. Fiesta Mart,
Inc., 979 S.W.2d 68, 70–71 (Tex. App.—Austin 1998, no pet.). More than a scintilla
of evidence exists if the evidence “rises to a level that would enable reasonable and
fair-minded people to differ in their conclusions.” King Ranch, Inc. v. Chapman, 118
S.W.3d 742, 751 (Tex. 2003) (quoting Merrell Dow Pharm. Inc. v. Havner, 953
S.W.2d 706, 711 (Tex. 1997)). If the evidence does no more than create a mere
surmise or suspicion of fact, less than a scintilla of evidence exists.


 Id.; Macias v.
Fiesta Mart, Inc., 988 S.W.2d 316, 317 (Tex. App.—Houston [1st Dist.] 1999, no
pet.).
Did Fact Issues Exist as to Each Element of the Astolfo’s Claim?
          In their second issue, the Astolfos contend that the trial court erred in granting
Hobby Lobby’s motion for summary judgment because “fact-issues existed and more
than a scintilla of probative evidence was presented to support each element of
appellants’ premises liability claim.”
A.      The Law
          To prevail on a claim for premises liability, the Astolfos are required to prove 
four elements:
1. There was actual or constructive knowledge of some condition on the
premises by the owner or occupier;
 
2. The condition posed an unreasonable risk of harm; 
 
3. The owner or occupier failed to exercise reasonable care to reduce or
eliminate the risk; and 
 
4. The owner or occupier’s failure was a proximate cause of the injury
to the party making the claim. 

H.E. Butt Grocery Co. v. Resendez, 988 S.W.2d 218, 219 (Tex. 1999); see Wal-Mart
Stores, Inc. v. Reece, 81 S.W.3d 812, 814 (Tex. 2002); CMH Homes, Inc. v. Daenen,
15 S.W.3d 97, 99 (Tex. 2000). If no evidence exists to support any one of the
elements of the claim, the court’s ruling granting summary judgment was proper.
B.      Actual or Constructive Knowledge
          The Astolfos contend that there was more than a scintilla of evidence to show
that Hobby Lobby had actual or constructive knowledge of a condition that posed an
unreasonable risk on the premises. 
          1.       Actual Knowledge
          Although there is no one test for determining actual knowledge that a condition
presents an unreasonable risk of harm, courts generally consider whether the premises
owner has received reports of prior injuries or reports of the potential danger
presented by the condition. Univ. of Tex.-Pan Am. v. Aguilar, No. 07-0424, 2008 WL
1765553, * 2 (Tex. April 18, 2008) (citing Brinson Ford v. Alger, 228 S.W.3d 161,
163 (Tex. 2007), City of Houston v. Harris, 192 S.W.3d 167, 175 (Tex.
App.—Houston [14th Dist.] 2006, no pet.), and Rice Food Mkt v. Hicks, 111 S.W.3d
610, 613 (Tex. App—Houston [1st Dist.] 2003, pet. denied)).
          The evidence conclusively establishes that Hobby Lobby had no actual
knowledge that a dangerous condition existed prior to the incident involving Patricia
Astolfo. See Wal-Mart Stores, Inc., 81 S.W.3d at 814. Hobby Lobby had never
before experienced “nested” merchandise “spontaneously” falling without some
contact from an employee or customer. See Rice Food Mkt, 111 S.W.3d at 613
(holding evidence legally insufficient to establish knowledge of dangerous condition
in absence of evidence that display had previously fallen and of prior similar
incidents). The Astolfos presented the previous three years of Hobby Lobby’s
incident reports that included reports of merchandise striking patrons. In all
instances, the merchandise fell as a result of handling by either the customer or an
employee. There is no evidence of any prior instance in which merchandise fell in
the manner alleged to have occurred in this case.
 
          Furthermore, there is no evidence that Hobby Lobby knew of similar accidents
within the industry, as the Astolfos contend. Displaying merchandise on high shelves
is a common and well-established practice of Hobby Lobby and other retail entities. 
The evidence shows that Hobby Lobby does not stack excess merchandise on its top
shelves, a condition that it might have known could cause injury. On the contrary,
the “nesting” tables were displayed in the nested manner in which they were
manufactured to be used, and the Astolfos presented no evidence of prior nesting
tables falling spontaneously from an elevated shelf.


 
          2.       Constructive Knowledge 
          “Constructive (or imputed) knowledge” is defined as knowledge that a person,
after a reasonable inspection, ought to have or has reason to have. Hall v. Sonic
Drive-In of Angleton, 177 S.W.3d 636, 645 (Tex. App.–Houston [1st dist.] 2005, pet.
denied). Constructive knowledge is imputed when the premises owner had a
reasonable opportunity to discover and to remedy an allegedly dangerous condition. 
Wal-Mart, 81 S.W.3d at 816. Without temporal evidence, there is no basis upon
which a court can determine that the premises owner should have discovered the
dangerous condition. Id. at 814. 
          Here, the only temporal evidence shows that, immediately prior to this incident,
the display was secure and showed no signs of presenting a dangerous condition. The
tables were not leaning forward or hanging off the shelf. Hobby Lobby employees
routinely inspected the displays throughout the day and upon opening and closing the
store. The Astolfos presented no evidence that Hobby Lobby should have discovered
that these tables caused an unreasonably dangerous condition on its premises.
          Citing to National Convenience Stores v. Erevia, the Astolfos contend that
Hobby Lobby had constructive knowledge of the “common problem of falling
merchandise and the general dangers associated with heavy merchandise falling from
display shelves” and that Hobby Lobby did not have guidelines in place to address
this danger.


 73 S.W.3d 518, 522–23 (Tex. App.—Houston [1st Dist.] 2002, pet.
denied). Assuming that Hobby Lobby was aware of the general danger of falling
merchandise, there is no evidence of any prior similar incidents of which Hobby
Lobby should have been aware, and thus no evidence to show that guidelines
concerning this type of merchandise were needed.   We hold that the Astolfos
presented no evidence that Hobby Lobby had constructive knowledge of the allegedly
dangerous condition on its premises. 
          Because the Astolfo’s failed to raise a fact issue as to whether Hobby Lobby
had actual or constructive knowledge of an unreasonably dangerous condition on its
premises, we overrule issue two.
Did Hobby Lobby Judicially Admit that It Created a Dangerous Condition?
          In their third issue, the Astolfos rely on the Texas Supreme Court decision of
Brookshire Grocery Co. v. Taylor to assert that Hobby Lobby should be held liable
for the injuries sustained by the Astolfos because Hobby Lobby admitted that its
display created an unusually high risk of injury. See222 S.W.3d 406, 408 (Tex.
2006); see also Corbin v. Safeway Stores, Inc., 648 S.W.2d 292 (Tex. 1983). In both
the Corbin and the Brookshire cases, a customer was injured in a slip-and-fall
incident. Corbin involved a slip and fall related to a slanted self-service grape
display. Corbin, 648 S.W.2d at 296. In Brookshire Grocery, the slip and fall was
related to a self-serve drink machine. Brookshire, 222 S.W.3d at 407–08. In both
cases, the defendants admitted that the conditions prior to the incidents posed an
unreasonably high risk to the customer, there was knowledge of prior incidents, there
were no warning signs posted, and there was some failure to follow safety protocol.
Id; Corbin, 648 S.W.2d at 296. 
          The Astolfos contend that an admission made by store manager Kent Davis
during a deposition establishes that Hobby Lobby did have actual and constructive 
knowledge of the allegedly dangerous condition. The relevant testimony of Kent
Davis follows:
Q: Okay, now, do you as a store manager think that it is safer to stack
heavier merchandise toward the bottom of a shelf or at the top of a
shelf?
 
A: Merchandise, any merchandise, furniture?
 
Q: Heavy merchandise.
 
A: Okay. Well, if it were to stay, it would be safe up top. But, yes,
heavy merchandise should ideally be at the bottom.
 
Q: And why would that be?
 
A: Why would what be?
 
Q: Why would you want the heavy merchandise at the bottom as
opposed to the top?
 
A: Because if it did fall, it would be more likely to hurt someone.
 
Q. All right. Do you think a reasonable person just as a general
proposition would stack heavy merchandise at the bottom of a shelf or
at the top of a shelf?
 
A: It would depend on the situation. 

          The deposition shows that the questions posed to Davis asked generally if
Davis thought that heavy merchandise placed on or near the bottom of a shelf is any
safer than heavy merchandise placed at the top of a shelf. Taken in context, this
statement was not an admission that could raise a fact issue as to Hobby Lobby’s
knowledge. In CMH Homes v. Daenen, the court ruled that “evidence that an owner
or occupier knew of a safer, feasible alternative design, without more, is not evidence
that the owner knew or should have known that a condition on its premises created
an unreasonable risk of harm.” 15 S.W.3d 97, 102 (Tex. 2000). Accordingly, the
deposition testimony of Kent Davis was not an admission of knowledge that the
table-placement created an unreasonable risk of harm.
          Furthermore, the Astolfos contend that John Schumacher, the presiding district
manager for Hobby Lobby, knew of prior incidents similar to Patricia Astolfo’s
within Hobby Lobby and of the dangers of falling merchandise generally. However,
the evidence shows no such admission. The relevant testimony of John Schumacher
follows:
Q: Prior to June of 2003, the Astolfos’ accident, had you seen any sort
of TV shows or newspaper clippings or magazines about the dangers of
falling merchandise?
 
A: I can’t remember any specific, except maybe one, but it was more
where the forklift had pushed merchandise off, so . . .
 
Q: Okay, we’ll talk specifics in a minute if you can. But just generally
speaking, you can recall seeing articles or newspaper clippings or TV
shows about—or warnings and news reports about falling merchandise,
correct?
 
A: Perhaps. 

          What appellant claims is an admission is taken out of context and as such is not
an admission at all, but rather is a general statement of public knowledge of “big box”
or “warehouse” retailer incidents of falling merchandise. None of this testimony was
in reference to Hobby Lobby or the display in question. Hobby Lobby consistently
maintained that it did not stack merchandise, that the tables in question were not
stacked, but were nested as they were manufactured to be, and made no admission
that it created a dangerous condition. We overrule issue three. 
          Because the Astolfos failed to provide more than a scintilla of evidence as to
each element of their cause of action, we hold that the court properly granted
summary judgment.                   
Conclusion
          We affirm the judgment of the trial court.
 


                                                                        Tim Taft
Justice

Panel consists of Justices Taft, Keyes, and Alcala.